WARD, Judge.
GENCO, Inc. filed this suit against McDonald Sales Corporation to recover sales commissions GENCO believes are due.
GENCO is an export broker, and it supplies machinery and parts to Latin American industries. One of its customers, Mr. Cabane-Vilet, asked GENCO to locate a source of small appliances, and pursuant to that request, Mr. Rudy Stargardter, the assistant manager of GENCO, contacted Mr. James Mart, the manager of McDonald’s International Sales Division. The initial contact was through a letter prepared by Mr. Stargardter and signed by GEN-CO’s President, Mr. Fischer:
⅜ >¡i ⅝ ⅜ ⅜: ⅜
An acquaintance of ours, Mr. Armando Cabane-Vilet, is arriving from Guatemala Wednesday, October 1st. Mr. Cabane-Vi-let was general manager of a large industrial enterprise, which included cotton gins, vegetable oil and shortening plants, mayonnaise and mustard manufacturing plants, etc. In his spare time Mr. Ca-bane-Vilet operated a small consumer goods import business, which grew too big for him to handle in his spare time. Our acquaintance with him goes back to his former position.
Mr. Cabane-Vilet has asked us to get him in contact with wholesale distributors in this area. We thought you might be interested in meeting Mr. Cabane-Vilet, and deal with his firm directly. Please let us know.
In order to avoid pricing your products out of the market, you may allow us a small commission on the business you transact with or through this gentleman. If we had to purchase merchandise from you, our prices to him would not be competitive in the quantities he orders. For instance, blenders he orders in lots of 1,000 units at a time. We will handle his spare parts orders.
5⅜ ⅜ * * Sfc
The suggested meeting took place on October 1, 1980, and Mr. James Mart, representing McDonald met with Mr. Cabane-Vi-let and an agreement was reached for the sale of small appliances.
In the months following the meeting with Mr. Cabane-Vilet, McDonald began shipping goods, and Mr. Stargardter of GENCO pressed for a commission on the sales. Finally, in August, 1981, McDonald sent a check and letter signed by Mr. Mart to GENCO:
Enclosed please find our check for $750.00 covering an introduction and finders fee. This fee is based on 3% of our first shipment to Mr. Cabane in the amount of $24,690.50.
We feel this fee is in order and no further fees are due.
GENCO continued to demand a commission on all of GENCO’s sales to Mr. Ca-bane-Vilet, but McDonald resisted, and GENCO filed this suit in January, 1982.
The Trial Judge rendered a directed verdict in favor of McDonald and against GENCO, holding that GENCO failed to prove McDonald agreed to pay a commission.
GENCO argues that the Trial Judge erred when he held there was not a contract for the payment of a commission to *847 GENCO and, if there was not a contract, he erred when he failed to find that GENCO was entitled to commissions from McDonald because McDonald had been unjustly enriched.
GENCO relies on La.C.C. Art. 2277 ánd claims that it has proved the existence of McDonald’s obligation to pay a commission to GENCO. Art. 2277 states:
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.
Mr. Stargardter testified at trial that although there were no other notes or written agreements for a commission, the language “may” in the original letter was used as a “courtesy” and substituted for “must”. He testified that there were several subsequent meetings between him and Mr. Mart where they discussed the handling of the new account and that he suggested a five percent commission. He also testified that Mr. Mart thought this was too much, and Mr. Mart agreed to three percent. Mr. Mart denied any such agreement.
The Trial Judge weighed the persuasiveness of the corroborating circumstances and concluded that the evidence presented by GENCO was insufficient corroboration to prove a contract.
The transcript shows the Trial Judge’s reasons for directing a verdict in favor of McDonald:
According to the information presented in the plaintiff’s case I don’t think he meets the statute insofar as it is necessary to determine to show that there is a contract or agreement to give a commission to Genco, Inc. That the arrangements that were made show that Genco could not under any circumstances handle the account by themselves and if they expected a commission from the defendant that they would have asked the defendant to give a commission or made some arrangements to see that the commission was added on to the price that the defendant had quoted to Mr. Cabane-Vilet. And that since this was totally unusual, and they admitted themselves that they cannot possibly handle it because of the warehouse situation as the other purchases they made for other clients they represented in foreign countries, what they did in those instances was bought the merchandise themselves, paid for it and then rebilled it by adding an amount onto it. They didn’t do it in this instance. Everything was done by the defendant McDonald. They put a price on it and added it on, and it shows nothing was added to compensate them for any commission they thought they might have been entitled to, and it seems under the circumstances the plaintiff would have to present more than what he did, the letter requesting commission, and it seems the arrangements between the parties that no commission was to be paid, and for that reason the Court feels that the directed verdict is proper at this time since the plaintiff did not prove his case.
[[Image here]]
Since the issue is one of proof of a contract, the standard of review in this appeal is whether the Trial Judge’s findings of fact were manifestly erroneous. We conclude that they are not.
In this appeal, GENCO also claims unjust enrichment. McDonald argues that GENCO cannot raise a claim for unjust enrichment where that claim was not raised in the Trial Court. We agree and add, however, that GENCO could not in any event prevail in a claim for injust enrichment. The elements of an action for injust enrichment include: 1) enrichment to one party; 2) impoverishment of the other; 3) a connection between those two elements; 4) no legal cause for the enrichment and impoverishment; and 5) no other remedy at law.
*848 While GENCO may have assisted McDonald in the sale of its merchandise, there is no evidence that GENCO was impoverished. Additionally, a remedy at law was available, if proven. GENCO has pursued and failed to prove its available remedy at law, and a claim for injust enrichment is not now available.
The judgment appealed from is affirmed. All costs of trial and this appeal are assessed to appellant, GENCO.