577 So.2d 292 (1991)
Jose A. CORTEZ and Martha Cortez
v.
TOTAL TRANSPORTATION, INC.
No. 90-CA-652.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*293 Thomas J. Smith, Galloway, Johnson, Tompkins and Burr, New Orleans, for intervenor/appellant, American Cas. Co. of Reading, Pa.
Victor L. Marcello, Donaldsonville, for plaintiffs, Jose A. and Martha Cortez.
R.K. Jarrett, Liskow & Lewis, New Orleans, S. Gene Fendler, for defendant-appellee, Total Transp., Inc.
*294 Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
Intervenor, American Casualty Company of Reading, Pa. (hereinafter American), appeals a judgment dismissing its intervention in a Jones Act[1] and general maritime action for personal injuries filed by Jose Cortez and his wife, Martha. The Cortez's suit was brought against Jose Cortez's employer, Total Transportation, Inc. (T.T.I.), also American's insured. We reverse and remand.
On appeal, the issue is whether American may intervene in plaintiffs' suit to recover reimbursement for compensation payments made to plaintiff under the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. Sec. 901 et seq.

FACTS
The case arose from injuries allegedly sustained by plaintiff in an accident aboard the T.T.I.'s floating grain elevator, the Gemini, on May 10, 1988. The accident occurred when Jose Cortez was attempting to replace a main boom wire.
Subsequently, Cortez received compensation benefits in the amount of $44,227 from the intervenor herein. American was T.T. I.'s insurer for general liability, as well as for LHWCA compensation.
On May 22, 1989, plaintiff filed suit against T.T.I. claiming seaman status and asking for recovery under the Jones Act and the general maritime law. In the petition, he asserts a right to recover his damages on the basis of the Gemini's negligence, T.T.I.'s negligence and the negligence of the Gemini's master and crew. He also contends the Gemini was unseaworthy and alleges he is entitled to damages, as well as maintenance and cure, wages until the end of the voyage and "loss of found".[2] Mrs. Cortez asserts a claim for loss of consortium.
T.T.I. answered the suit denying plaintiff's contention of seaman status. T.T.I. asserts Cortez is a longshoreman and, as such, is only entitled to benefits under the LHWCA, his exclusive remedy.
In January 1990, American filed an intervention asking for reimbursement of compensation payments and medical benefits in the event plaintiff's suit is successful. In response, T.T.I. filed peremptory exceptions of no cause and/or no right of action on the basis that the insurer is not permitted to sue its insured to receive reimbursement for sums paid out under a policy for which premiums were paid by the insured.
The exceptions were heard on May 24, 1990. Following the hearing, the trial judge granted T.T.I.'s exceptions and dismissed the intervention with prejudice.

ARGUMENT
American asserts that the trial judge erred in dismissing its claim for several reasons. It first contends that it is entitled to reimbursement in the event plaintiffs' suit is successful because, if Cortez is found to be a Jones Act seaman, the law provides that the compensation insurer is entitled to be paid out of plaintiff's tort recovery, citing Reed v. Pool Offshore Company, 521 F.Supp. 324 (W.D.La.1981).
American states secondly that it provides Jones Act insurance for up to $25,000. If plaintiff is a seaman, American agrees it cannot recover the first $25,000 because its erroneous LHWCA payments are characterized as part of the Jones Act recovery. See Barrett v. Chevron U.S.A., Inc., 752 F.2d 129 (5 Cir.1985) [reversed on other grounds in an en banc hearing, 781 F.2d 1067 (5 Cir.1986)]. But the excess, it argues, should be recoverable to prevent double recovery by the plaintiff and a miscarriage of justice.
*295 Next, American asserts that the claim sets forth a cause and/or a right of action for unjust enrichment. American argues in this respect that, if plaintiff is a seaman, he received benefits he was not entitled to under LHWCA and to deny American reimbursement would allow plaintiff double recovery if plaintiff prevails in the present action, citing FPS, Inc. v. Continental Contractors, 537 So.2d 831 (La.App. 5 Cir. 1989). American contends these facts satisfy the elements for unjust enrichment set forth therein.
American also contends its claim was erroneously dismissed because, even if plaintiff is found to be a longshoreman or maritime worker other than a seaman, the law of admiralty allows the insurer reimbursement from the employer-insured when the claim is against the vessel which is also owned by the insured, citing Taylor v. Bunge Corp., 845 F.2d 1323 (5 Cir. 1988). Here, it asserts, plaintiffs have asserted a specific claim against The Gemini, as well as T.T.I.
T.T.I. responds by contending this action is a prohibited suit by an insurer against its insured, citing 16 Couch on Insurance 2d Sec. 61:136, United States v. St. Bernard Parish, 756 F.2d 1116 (5 Cir.1985) and Boston Insurance Company v. Pendarvis, 195 So.2d 692 (La.App. 1 Cir.1967). In this regard, it points out the insurer is entitled to subrogation for paid out benefits, but only as to a real third party who is not within the employer-employee relationship. It cites Bloomer v. Liberty Mut. Ins. Co., 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980) and Grimmer v. Beaud, 537 So.2d 299 (La.App. 1 Cir.1988) (interpreting the Louisiana worker's compensation statute) for these principles.
T.T.I. next contends that the argument regarding unjust enrichment is without merit. First, it argues, the issue was not presented in the trial court precluding its determination here. Genco, Inc. v. McDonald Sales Corp., 442 So.2d 845 (La. App. 4 Cir.1983); see also Deville v. Pugh, 490 So.2d 800 (La.App. 3 Cir.1986). In addition, T.T.I. asserts American's intervention petition does not state a cause of action for unjust enrichment. Finally, it claims that theory of recovery is not available when the parties have a contract. In this latter regard, it cites Union Tex. Petroleum Corp. v. Mid La. Gas Co., 503 So.2d 159 (La.App. 4 Cir.1987) and Miller v. Housing Authority of New Orleans, 190 So.2d 75 (La.1966).
Third, T.T.I. claims the plaintiff, Jose Cortez, will not reap a windfall if he is found to be a seaman. It points out that any payment made to him by American must be credited to his recovery under the Jones Act, according to McFarland v. Justiss Oil Co., 526 So.2d 1206 (La.App. 3 Cir.1988) and Smith v. Service Contracting, Inc., 236 F.Supp. 492 (E.D.La.1964).
Finally, T.T.I. contends that the intervenor has no cause or right of action under the theory that the vessel is a third party such as to allow circumvention of the law prohibiting suit by the insurer against the insured. In this respect, it argues (erroneously) that the vessel is not made a defendant in the petition of intervention (it is) and, thus, the Taylor principles cannot be applied herein. In oral argument to the court, it further asserted the action against the vessel for this purpose must be brought in the federal court in a separate suit since it is an action in rem.

ANALYSIS
The purpose of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. Smith v. Cole, 541 So.2d 307 (La.App. 5 Cir.1989); affirmed 553 So.2d 847 (La. 1989). It can only be resolved upon the facts alleged in the petition and the well-pleaded facts therein are taken to be true. Smith v. Cole, supra. The exception may only be maintained when it is clear that the law affords no remedy to anyone for the particular grievance alleged. Smith v. Cole, supra.
The exception of no right of action, on the other hand, is designed to terminate a suit brought by one with no legal interest to assert it. Smith v. Cole, supra. It challenges the plaintiff's interest in the subject matter, or his lack of capacity to *296 proceed with the action. Smith v. Cole, supra.
In this case, the petition of intervention asserts American's status as the insurer of T.T.I. for both state and longshoreman worker's compensation, as well as for Jones Act liability up to $25,000. It further asserts it paid the employeeand may pay in the futureLHWCA benefits to the injured plaintiff under its compensation policy. The petition alleges that, under the law, these facts permit its intervention for reimbursement in the event plaintiff recovers in the pending suit, and claims its entitlement to a judgment recognizing and confirming its right to offset future payments against the potential judgment.
T.T.I. asserts, and the trial judge agreed, that the relationship between American and T.T.I. determined the outcome of the exceptions. In this respect, much is made of the fact that American is suing its own insuredin violation of long-standing insurance law. We do not believe this is the case for the following reasons.
First, the LHWCA is the longshoreman's exclusive remedy for injuries occurring in the course and scope of his employment as to his employer. 33 U.S.C. Sec. 905(a). However, the longshoreman has additional rights to pursue a third-party tortfeasor and/or the vessel itself. 33 U.S.C. Sec. 933(a); 33 U.S.C. Sec. 905(b). The vessel, as defined by 33 U.S.C. Sec. 902(21) and interpreted by the jurisprudence in similar cases, includes the vessel owner, owner pro hac vice, agent, operator, charter or bare boat charterer, master, officer, or crew member. See: Jones v. Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 2547 n. 6, 76 L.Ed.2d 768 (1983); In Re All Maine Asbestos Litigation, 581 F.Supp. 963 (1984), affirmed in part, vacated in part for other reasons) 772 F.2d 1023 (1985); Keller v. United States, 557 F.Supp. 1218 (1983); Swans v. United States Lines, Inc., 407 F.Supp. 388 (1975); Orgeron v. Avondale Shipyards, Inc., 561 So.2d 38 (La.1990).
In either instance, the employer, or its insurer, is entitled to recover any LHWCA payments or benefits paid to the employee in the event of his recovery against the ship or third-party. This principle prevents double recovery by the plaintiff and applies even when the vessel is owned by the employer. Taylor v. Bunge Corp., supra; Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). That is because, under the federal maritime law, the vessel is treated as a separate entity.
In this case, if it is determined by the court that plaintiff is a longshoreman, and not a seaman, he is entitled to recover his damages, if any, only from the vessel, because he cannot sue his employer, T.T.I., and no other "third-party" exists. Since he did name the Gemini, the vessel owner, the master and the crew of the vessel, in his petition, and American is specifically allowed by the maritime law to pursue a claim for reimbursement against any of those parties in this situation, we find that American has stated a cause of action. In addition, we further find that American has shown a right of action since it clearly has an interest in asserting the claim for reimbursement.
Even though the court may ultimately determine that plaintiff is a seaman under the Jones Act, the same conclusion is reached. In that case, it is because the intervention is not a claim against the insured, but is a lien on the worker's net recovery which comes directly out of the employee's proceeds. Masinter v. Tenneco Oil Co., 867 F.2d 892 (5 Cir.1989).
A lien for reimbursement is a property right against the employee's award[3] and may be classified as reimbursement, credit or offset. See: McFarland v. Justiss Oil Co., Inc., supra, and Smith v. Service Contracting, Inc., supra. But, in any event, it is an interest or property right in *297 the judgment.[4] In fact, when the employer or its insurer is entitled to reimbursement, a formal request for intervention is not required. Miller v. Rowan Companies, Inc., 815 F.2d 1021 (5 Cir.1987). The insured or employer may wait until judgment is rendered before asserting a claim to some portion of the proceeds.
Whether the demand is characterized as reimbursement, credit or offset, the insured-employer (T.T.I.) will not suffer prejudice by the intervention. The party who is affected by the claim is the plaintiff. It is he who will be deprived of the full award, presuming the judgment, if any, is in his favor and sufficient to reimburse the insurer. It is the plaintiffthe employee who will be deprived of the opportunity to recover doubly for the same injuries. See: McFarland v. Justiss Oil Co., supra; Smith v. Service Contracting, Inc., supra; Barrett v. Chevron U.S.A., supra.
We find the cases cited by T.T.I. for the proposition that subrogation only applies where a "real" third-party exists, who is outside the employment relationship, to be either inopposite (Grimmer v. Beaud) or lacking authority (Bloomer v. Liberty Mut. Ins. Co.) for the position taken. Consequently, whether plaintiff ultimately recovers his damages as a longshoreman or seaman, we conclude that the intervention is not a prohibited suit by an insurer against its insured, and that American, like any other employer or insurer, is entitled to intervene in plaintiff's suit to protect its interest. Because we so find, we need not address the parties' other arguments. We hold, therefore, that the trial judge erred in dismissing the action on the exceptions of no cause of action and/or no right of action.
Accordingly, for the reasons stated above, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
Appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] 46 U.S.C.A. App. 688.
[2] Loss of found is an item of damage available to a seaman, but which has been rarely used in recent years. Found is the food and lodging provided to a seaman while aboard ship, as contrasted with maintenance, which relates to a seaman's right to food and lodging ashore comparable to what he had while aboard the vessel. For a discussion of this subject see: Normann, Has Found Been Lost? An Analysis Of A Seldom Utilized Concept In The Maritime Law, 30 Loy.L. Rev. 875 (1984).
[3] See Allen v. Texaco, Inc., 510 F.2d 977 (5th Cir.1975) wherein it is stated that a lien is a claim against property for payment of a debt or fulfillment of some obligation.
[4] T.T.I. cites the Allen case as controlling and in its favor, however, we find it is both distinguishable and supportive of our finding.

Allen involved a waiver by the insurer of its subrogation rights and the affect of the waiver on its lien right to the plaintiff's settlement proceeds, unlike here. In addition, the language in Allen consistently referred to the insurer's lien as attaching to the recovery fund, which is precisely our point.