J2FITZSIMMONS, J.
Plaintiffs-in-intervention, Greenwood Contractors, Inc.[1] and its insurer, U.S. Fire Insurance Company (hereinafter “Greenwood”), appeal from the grant of an exception of no cause and/or right of action in favor of defendants, Leasco Fleeting and Barge Services, Inc.[2] and Certain Underwriters at Lloyds and Certain British Companies (hereinafter “Leasco”). We reverse the lower court ruling.
Petitioner, Leroy Henry, was an employee of Greenwood. On December 6, 1988, Henry was injured while in the process of unloading a barge owned by Leasco. Pursuant to the Longshoremen’s and Harbor Worker’s Compensation Act, Greenwood paid medical benefits to Henry totaling the sum of $14,888.35.
Henry filed suit against Leasco for damages arising out of the December 6th incident. Greenwood filed an intervention in the damage suit against Leasco. It demanded reimbursement of the $14,888.35 that Greenwood had previously paid to Henry.[3] Subsequent to the filing of the intervention pleading, Leasco and Henry settled Henry’s claim for $25,000.00. The funds were disbursed to Henry. Greenwood was not a participant in the settlement.
Thereafter, Greenwood filed a supplemental and amending petition of intervention. It alleged that Leasco violated the lien and elaim of intervention when it permitted the settlement funds to be disbursed directly to the plaintiff without recognizing, or providing payment for, the claim of intervention. Leasco filed an exception of no right and/or cause of action. It was granted by the district court.
THE LAW
The Longshoremen’s and Harbor Worker’s Compensation Act (LHWCA) permits injured workers to recover damages from negligent third parties, in addition to the right to receive compensation benefits from the employer. Speaks v. Trikora Lloyd P.T., 838 F.2d 1436, 1438 (5th Cir.1988). The existence of a third party action, however, concomitantly creates the possibility of double recovery by the employee. In order to prevent the occurrence of double dipping, a right to reimbursement by the employer has been established. By judicial fiat “[t]he | ^longshoreman cannot receive a double recovery, because the [employer], by paying him statutory compensation, acquires a lien in that amount against any recovery the *723 longshoreman may obtain from the vessel.” Taylor v. Bunge Corporation, 845 F.2d 1323, 1326-1327 (5th Cir.1988) )quoting Jones & Laughlin Steel Corporation v. Pfeifer, 462 U.S. 523, 530 n. 5, 103 S.Ct. 2541, 2547 n. 5., 76 L.Ed.2d 768 (1983)).
In cases involving a settlement, the parameters of a double recovery become somewhat blurred; nevertheless, the employer’s lien attaches to the settlement fund. Bloomer v. Liberty Mutual Insurance Company, 445 U.S. 74, 80, 100 S.Ct. 925, 929, 63 L.Ed.2d 215 (1980). Pursuant to state law, the insurer (“subrogor”) “stands in the shoes” of the insured (“subrogee”). The federal subrogation right, however, aligns more closely to the state concept of the right to reimbursement. See Great West Casualty Company v. Manning, 95-2359, p. 5 (La.App. 1st Cir.6/28/96); 687 So.2d 416, 419, writ denied, 96-1958 (La.11/1/96); 681 So.2d 1271. The employer possesses a right to be reimbursed the paid compensation from the worker’s recovery. Bloomer v. Liberty Mutual, 445 U.S. at 80, 100 S.Ct. at 929. This right has been referred to as a subrogation right by the United States Fifth Circuit Court of Appeals. Speaks, 838 F.2d at 1438.
The federal courts have thus maintained that the lien, or subrogation right, is a right to reimbursement of the compensation paid out of sums paid by a third party tortfeasor. In this regard, the intervention does not constitute a separate cause of action from the employee’s claim against the third party defendant. Id. The employer’s subrogation rights and the worker’s third party claim form a unitary cause of action.[4] Peters v. North River Insurance Company of Morristown, New Jersey, 764 F.2d 306, 316-317 (5th Cir.1985).
The fact that the insurer’s federal right constitutes a lien against the proceeds to be received by the worker from the third party defendant, as opposed to the insurer “standing in the shoes” of the insured worker, does not vitiate the insurer’s right or cause of action in this matter. Greenwood has clearly demonstrated a right of action since it has an interest in asserting the claim for reimbürsement. Cortez v. Total Transportation, Inc., 577 So.2d 292, 296 (La.App. 5th Cir.1991). Moreover, the United States Fifth Circuit Court of Appeals has poignantly stated that “[a]n injured worker and the alleged third party tortfeasor may also confect any settlement |4that does not violate the LHWCA or public policy. They may not, however, barter away the compensation lien rights of the compensation carrier without the carrier’s knowing consent or participation.” (Underscoring added.) Speaks, 838 F.2d at 1438.
In the instant matter, Leasco and Henry settled Henry’s damage lawsuit without the consent or participation of Greenwood. No provisions were made by the settling parties with regard to Greenwood’s claim against the settlement fund, which was an integral part of what the federal courts have identified as the unitary cause of action asserted by Henry.
Greenwood properly filed its claim: this action of intervention is technically and logically an action against the “funds,” which are the subject of a claim against another defendant. Greenwood’s supplemental and amending petition of intervention essentially asserts a separate claim of a violation by defendants-in-intervention of its duty relative to its disbursement of the proceeds of the compromise agreement and the alleged protection that was due to the plaintiffs-in-intervention. An allegation of negligence, based upon the failure by one who has control of the funds to safe guard that portion of the funds allegedly belonging to the intervenor, constitutes a basic cause of action that is a component of the intervention proceeding. To say that the intervention does not lend itself to another cause of action against the defendants-in-intervention, who have been placed on notice of the intervenors’ claim, for breach of a related duty, would render the intervention and the judicial notification requirement totally ineffective as a procedural protective tool. The intervention claim against the settlement proceeds, and the associated duties that arise as a result of its existence, can form the basis of additional causes that apply not only to Henry, as the plaintiff whose claim forms the basis of the *724 intervention pleading, but are also inherently applicable to Leasco, in its capacity as the defendants-in-intervention.
It is, therefore, the opinion of this court that Leasco’s purported violation of Greenwood’s rights as a plaintiff-in-intervention, which was alleged, and which arises out of Leasco’s alleged violation of a duty connected with Greenwood’s intervention lien, presents a viable cause of action against Leasco for its settlement.
Accordingly, the exception of no right and/or cause of action is hereby reversed. The case is remanded to the district court for further action in accordance with this decision. All costs associated with the appeal are assessed to Leasco Fleeting and Barge Services, Inc.
REVERSED AND REMANDED.

. We note that Greenwood Contractors, Inc. is also referred to as Greenwood Construction Company in some of the pleadings.

. Also referred to as Leasco Fleeting and Barge Company.

.In a summary judgment, the court found no genuine issue of material fact that the amount of the lien of plaintiffs-in-intervention was for the sum of $14,888.35.

. In our civil law, the term “unitary” is also foreign.