**Lura M. SPARKS, Appellant,**

v.

**AETNA LIFE AND CASUALTY COMPANY et al., Appellees.**

**No. 19154.**

Court of Civil Appeals of Texas, Dallas.

June 16, 1977.

Tom O'Connell, Plano, for appellant.

Richard E. Harrison, Nall, Kyle, Harrison & Nall, Sherman, for appellees.

**ON MOTION FOR REHEARING OUR FORMER OPINION IS WITH-DRAWN AND THE FOLLOWING OPINION SUBSTITUTED**

AKIN, Justice.

This is an appeal from a summary judgment granted Aetna Life and Casualty Company and from a judgment rendered on stipulated facts pursuant to Tex.R.Civ.P. 263 in favor of Southern County Mutual Insurance Company. Plaintiff Sparks sued the insurance companies on a judgment which she had previously obtained against Rodney Pinset, who was an omnibus insured under a policy issued by Southern County. When this suit was instituted, Aetna alone was named as a defendant; however, plaintiff then amended her petition, deleting all reference to Aetna and naming Southern County as the sole defendant. Since the summary judgment in favor of Aetna was rendered after plaintiff had amended her petition dropping Aetna as a defendant, we hold that the trial court was without jurisdiction to render summary judgment for Aetna. Accordingly, we vacate the summary judgment and dismiss as to Aetna. With respect to the judgment rendered for Southern County, we hold that waiver by the insurer as to one insured does not waive its policy defenses to another insured. Accordingly, we affirm the judgment rendered in favor of Southern County.

## I. The Summary Judgment for Aetna

Plaintiff filed her original petition on September 24, 1974, and filed her first amended original petition on May 8, 1975. The amended petition was substantially identical to the original petition except that it named Southern County as defendant in place of Aetna. Aetna's motion for summary judgment was heard on April 4, 1975,

and granted on July 7. Thus, the trial court did not rule on Aetna's motion until after plaintiff filed her amended petition which deleted Aetna as a defendant. The amended petition had the effect of dismissing Aetna from the cause, without prejudice, and the trial court was, therefore, without jurisdiction to pass on the merits of the controversy between Sparks and Aetna. Tex.R.Civ.P. 65; *Valdez v. Gill*, 537 S.W.2d 477, 480 (Tex.Civ.App. San Antonio 1976, writ ref'd n. r. e.). Accordingly, we vacate the summary judgment rendered in favor of Aetna and dismiss Aetna as a party to this litigation.

## II. *The Judgment for Southern County*

■ This suit is predicated on an automobile accident which occurred on January 31, 1973, and involving cars driven by plaintiff and Pinset. Pinset was driving a car owned by John Brown with Brown's permission. The car was covered by a liability policy issued to Brown by Southern County, which covered any person operating the insured automobile with the owner's permission. Pinset was, therefore, an omnibus insured under the policy. Sparks sued Brown and Pinset on March 22, 1974. A default judgment for $10,000 was taken against Pinset, and Sparks dismissed the action against Brown. Sparks is now seeking to recover against Southern County on the basis of the judgment rendered against the omnibus insured.

■ Southern County asserts that it is not liable to Sparks because Pinset did not comply with a condition precedent to the company's liability which required Pinset to furnish the insurer with written notice of any accident as soon as practicable. Since Sparks cannot assert any greater rights against Southern County than could Pinset, the insurer may now assert any defense which it has against its insured. *Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95, 96 (1955).

■ Appellant Sparks argues that because Brown, the named insured, gave oral notice to Southern County and because Southern County investigated the accident,

this notice inured to the benefit of the omnibus insured, Pinset, and that since sufficient notice was given, Southern County had a duty to defend Pinset. Since Southern County failed to do so, Sparks contends that the insurer is now liable on the judgment. In support of her contention, Sparks cites *Employers Casualty Co. v. Glens Falls Ins. Co.*, 484 S.W.2d 570, 576 (Tex.1972), which held that *timely written notice* by the named insured satisfied the purpose of the insurance contract's written notice clause and that additional notice was not required from the omnibus insured. Here, however, the named insured did not give timely written notice; the only notice given by Brown was oral. This court previously held that oral notice, even though it provides the insurer with all the information which would be contained in written notice, does not satisfy a contractual provision requiring written notice. *Aetna Ins. Co. v. Durbin*, 417 S.W.2d 485, 487 (Tex.Civ.App. Dallas 1967, no writ).

■ Since Brown's oral notice is not effective as proper notice under the contract, the question presented is whether the insurer's waiver of proper notice as to Brown also waives its policy defense as to Pinset. Although the insurer's acceptance of late written notice by the named insured waives the defect as to the named insured, it has been held that this waiver does not benefit the omnibus insured. *Travelers Ins. Co. v. Chicago Bridge & Iron Co.*, 442 S.W.2d 888, 903 (Tex.Civ.App. Houston [1st Dist.] 1969, writ ref'd n. r. e.); *see American Fidelity & Casualty Co. v. Traders & General Ins. Co.*, 160 Tex. 554, 334 S.W.2d 772, 776 (1959). We conclude that this appeal is controlled by the doctrine of *Chicago Bridge*. *Glens Falls* and *Chicago Bridge* involve two different concepts: waiver and the effect to be given a contractual provision. The supreme court's holding in *Glens Falls* concerned a situation where the insurer had received the written notice to which it was entitled under the contract; the only question was whether it was entitled to a superfluous notice from the omnibus insured. The question presented in *Chicago*

*Bridge* was quite different; it concerned a situation where no insured had provided proper notice and the insurer was, therefore, not obligated to provide a defense to either insured. Similarly, Southern County was under no duty to defend either insured since it did not receive written notice from either of them. The fact that the insurer, after investigating the case, decided to waive its policy defense as to the named insured is not relevant to its assertion of the same defense against the omnibus insured. The insurer may have concluded that the claim against the named insured was not meritorious and that it was willing to absorb the expense of defending against that claim. It could have also concluded that a substantial recovery against the omnibus insured was likely and that it was unwilling to expose itself needlessly to such liability. An insurer is entitled to make such a decision. Waiver of notice of the named insured does not deprive the omnibus insured of any rights to which he was otherwise entitled; it merely expands the benefits available to the named insured. It does not indicate an intention to waive any defense available against an omnibus insured, and neither is it inconsistent with assertion of the defense as against the omnibus insured. Consequently, our holding is in accord with decisions defining the concept of waiver as an intentional relinquishment of known rights or conduct, in light of full knowledge of relevant facts, which is inconsistent with the assertion of those rights. *United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971); *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.,* 416 S.W.2d 396, 401 (Tex.1967). We conclude, therefore, that Southern County is not liable on the judgment rendered against Pinset because Pinset did not comply with the policy terms.

The judgment of the trial court is reversed and rendered with respect to Aetna and affirmed as to Southern County.