**R.G. SPEAKS, Plaintiff,**

**Texas Employers' Insurance Association, Intervenor–Appellee,**

v.

**TRIKORA LLOYD P.T., In Personam, et al., Defendants–Appellants.**

No. 87–2461.

United States Court of Appeals, Fifth Circuit.

March 11, 1988.

Rehearing and Rehearing En Banc Denied April 25, 1988.

ance Association (TEIA), to recover from a third-party defendant, Trikora Lloyd, P.T. (Trikora Lloyd), the part of its compensation lien which exceeds the amount paid by Trikora Lloyd to an injured worker pursuant to a settlement agreement. Trikora Lloyd asserts that absent a showing by TEIA that Trikora Lloyd was negligent, the compensation carrier cannot recover an amount that exceeds an injured worker's net recovery. We disagree and affirm.

## I.

Speaks sustained an injury while working for Carlson Stevedores aboard the M/V PADANG, a vessel owned by Trikora Lloyd. TEIA was the worker's compensation carrier for Carlson Stevedores at the time of Speaks' accident. TEIA paid Speaks $27,918.65 pursuant to its obligations under the compensation policy and the Longshoremen and Harbor Worker's Compensation Act (LHWCA). Speaks subsequently filed a third party action against Trikora Lloyd, alleging that, as vessel owner, it was negligent. TEIA intervened to recover its compensation lien, asserting its right to be reimbursed from the worker's recovery for compensation benefits paid.

Shortly before the trial, Speaks and Trikora Lloyd entered into a settlement agreement. Under the agreement, Trikora Lloyd guaranteed Speaks that he would receive $20,000 exclusive of the compensation lien. Trikora Lloyd admitted that it agreed to "take care of the worker's compensation intervention interest" asserted by TEIA. TEIA was not a party to the settlement agreement.

The district court subsequently dismissed Speaks' action against Trikora Lloyd, leaving only TEIA's claim against Trikora Lloyd unresolved. The district court granted TEIA's motion for summary judgment and awarded TEIA the full amount of its compensation lien, $27,918.68. On appeal Trikora Lloyd contends alternatively that either TEIA's recovery cannot exceed the entire amount paid to the injured worker or it cannot exceed the amount of Speaks' net recovery after litigation costs are subtracted. We affirm.

Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, Tex., for defendants-appellants.

Charles F. Herd, Jr., Fulbright & Jaworski, Houston, Tex., for intervenor-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

CLARK, Chief Judge:

This case concerns the right of the compensation carrier, Texas Employers' Insur-

## II.

The Longshoremen's and Harbor Worker's Compensation Act (LHWCA) allocates the costs of industrial accidents between employees and employers. Injured workers receive "prompt and certain" compensation benefits, even if the employer is not to blame for the accident. *Louviere v. Shell Oil Co.*, 509 F.2d 278, 283 (5th Cir. 1975). Although these benefits are the employer's exclusive liability for the longshoreman's injuries, 33 U.S.C. § 905(a), the LHWCA does allow injured workers to recover damages from negligent third parties. 33 U.S.C. § 933(a). When an injured worker recovers from a negligent third party, the employer (or the employer's compensation carrier) has a subrogation right to be reimbursed in the amount of the compensation payments from the worker's recovery. *Peters v. North River Insurance Company of Morristown, N.J.*, 764 F.2d 306, 312 (5th Cir.1985). It is usual for an employer or the carrier to intervene in the worker's suit and assert a lien on the worker's recovery. *Allen v. Texaco, Inc.*, 510 F.2d 977, 979–80 (5th Cir.1975).

An employer's subrogation right is derived from the worker's claim against the third party. *Peters*, 764 F.2d at 316. The employer's subrogation rights and the worker's third party action thus forms a unitary cause of action. *Peters*, 764 F.2d at 316–17. The employer may, however, assert a separate cause of action for injury to itself that is caused by a third party's negligence. *Federal Marine Terminals, Inc. v. Burnside Shopping Co.*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969). This *"Burnside"* cause of action is based on an independent wrong to the employer by the third party and not on any wrong committed against the worker. Whereas the employer's subrogation rights stem from a cause of action belonging to the worker, the *"Burnside"* cause of action belongs to the employer. *Burnside*, 89 S.Ct. at 1152.

Speaks filed a third party suit in this case against Trikora Lloyd. TEIA then intervened, pursuant to its subrogation rights implicit in the LHWCA, in order to receive reimbursement for compensation benefits paid. The subrogation rights asserted by TEIA do not constitute a cause of action separate from Speaks' claim against Trikora Lloyd. TEIA did not state a cause of action under *Burnside* for an independent wrong against the employer.

An injured worker and the defendant third party may allocate between themselves responsibility for paying off the compensation lien. *Peters*, 764 F.2d at 321. The injured worker and the alleged third party tortfeasor may also confect any settlement that does not violate the LHWCA or public policy. They may not, however, barter away the compensation lien rights of the compensation carrier without the carrier's knowing consent or participation.

Absent any agreement, in cases where a worker's recovery from a third party exceeds the amount of the compensation lien and the worker's litigation costs (including attorney fees) combined, the compensation insurer is entitled to recover the full amount of its payments from the worker. *Bloomer v. Liberty Mutual Insurance Co.*, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980). If, however, an injured worker's jury award is insufficient to cover both the attorney fees and the compensation lien, payment of the worker's attorney's fee takes priority over the payment of the compensation lien. *Ochoa v. Employers National Insurance Co.*, 724 F.2d 1171 (5th Cir.1984), *vacated*, 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694, *adhered to on remand*, 754 F.2d 1196 (5th Cir.1985). This court's holding in *Ochoa* does not, however, limit the amount of the compensation lien to the amount received by an injured worker in cases where the worker and the third party make a settlement agreement.

The district court properly granted TEIA's motion for summary judgment based on the undisputed settlement terms between Speaks and Trikora Lloyd. Pursuant to Rule 56(c) a district court should grant summary judgment when it appears from the record that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a mat-

ter of law. Fed.R.Civ.P. 56(c). Trikora Lloyd argues that a correct interpretation of the law mandates a reduction in the amount of TEIA's compensation lien to the amount of the worker's recovery. At the same time, however, Trikora Lloyd argues that the amount they agreed to pay under the settlement agreement is a question of fact inappropriate for summary judgment. According to Trikora Lloyd, either the law requires a reduction in the lien, or a factual inquiry is needed to reveal that they only promised to pay the amount required under its own interpretation of the law. This "heads I win, tails you lose" approach by Trikora Lloyd is disingenuous. The amount of Trikora Lloyd's liability depends not on factual inquiry into what were settlement terms, but rather the legal nature of the compensation lien. The parties jointly moved the trial court to stay the action pending resolution of *Peters*, agreed *Peters* would control the outcome in this action and jointly stated that their competing positions were "legal in nature."

Under the settlement, Trikora Lloyd clearly agreed to pay whatever was legally determined to be its obligation. Speaks and Trikora Lloyd negotiated a settlement to which TEIA was not a party. The settlement agreement between Trikora Lloyd and Speaks had three components (1) a payment of $20,000 to Speaks and his counsel, (2) indemnity to Speaks against any claim by TEIA on account of its intervention claim for compensation payments made to Speaks, and (3) a promise to "take care of the worker's compensation intervention interest." These settlement terms do not merely obligate Trikora Lloyd to reimburse the carrier a sum equal to the net amount paid the injured worker by Trikora Lloyd, the terms also constituted an undertaking by the allegedly negligent vessel owner to pay the compensation lien. Since a worker and a third party tortfeasor cannot reduce the amount of the lien without the acquiescence of the lienholder, TEIA is entitled to recover from Trikora Lloyd $27,918.68.

TEIA asserts that the district court erred by failing to consider its request for pre-judgment interest and attorney's fees. This issue is not properly before this court. Absent a cross appeal, the appellee cannot attack the district court's decree with a view either to enlarging his own rights thereunder or lessening the rights of his adversary. *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662 (5th Cir.1983); Fed. R.App.P. 4(a). This rule applies to a request for granting or enlarging attorneys fees, *Alford v. City of Lubbock, Tex.*, 664 F.2d 1263 (5th Cir.1982), and to a request for additional relief, *Richardson v. Byrd*, 709 F.2d 1016 (5th Cir.1983). TEIA failed to file notice of cross appeal.

The district court judgment is AFFIRMED.