**FIDELITY SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**MORRISON & MILLER, INC., Appellee.**

**No. 09–87–241–CV.**

Court of Appeals of Texas, Beaumont.

Jan. 19, 1989.

Craig H. Clendenin, Nederland, for appellant.

Jon B. Burmeister, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Morrison & Miller, Inc. (Morrison) was the general contractor for a building project owned by Washington West, Ltd. (Wash–West), a limited partnership. Wash–West defaulted on its loan from Fidelity Savings & Loan Association (Fidelity) obtained to finance the project, and Fidelity foreclosed. Morrison brought suit against Fidelity for unpaid labor and materials it provided, claiming that it was the third-party beneficiary of a contract between Wash–West and Fidelity and that it was entitled to recover under the theory of quantum meruit. Trial was to a jury which found on all issues in favor of Morrison. Fidelity appeals, raising eight points of error.

In points of error one through six, Appellant attacks the legal and factual sufficiency of three jury findings: (1) that Fidelity entered into an agreement with Wash–West whereby Fidelity would pay all outstanding claims regarding the project in question, (2) that Fidelity breached the contract in question by failing to pay all outstanding claims regarding the project in question, and (3) that Morrison was a third-party beneficiary of the contract between Fidelity and Wash–West. We sustain Fidelity's no evidence points.

In reviewing a no evidence point, an appellate court must consider the evidence and reasonable inferences therefrom in a light which supports the jury's findings, disregarding all contrary evidence and inferences. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981). The general rule is that a person cannot recover on a contract to which he is not a party. However, an exception to the general rule exists where the claimant is able to show that the contract was actually made for his benefit, thus proving himself a third-party beneficiary of the contract.

*Dairyland County Mut. Ins. Co. of Texas v. Childress,* 650 S.W.2d 770, 775 (Tex. 1983). The intention of the parties is controlling, and the parties are presumed to have contracted for themselves unless it "clearly appears" that they intended a third party to benefit from their contract. *Corpus Christi Bank & Trust v. Smith,* 525 S.W.2d 501, 503 (Tex.1975).

■ The only evidence adduced at trial which could be considered evidence of a third-party beneficiary contract was the deposition testimony of Richard Levacy, a Wash–West partner, describing a meeting held between him and a Fidelity representative after the loan had been in default approximately four months:

"'Q. Have you had any other phone calls to or from John Morrison?

A. I spoke to him at that time then I called him on I guess on a date after the foreclosure sale, after the sale and asked at that time offered to him to go ahead and make a settlement to him. We had talked at a partnership meeting earlier when it looked like everything was really fixing to blow, that we felt some responsibility and that we felt that we didn't like the idea of leading him totally on a limb and wanted to try and work out some type of settlement. A big portion of this hinges I guess the Wednesday after we had the meeting with Fidelity Savings and Loan part of the contract or part of the things that got hammered out that night with the savings and loan was that we had a liability to each of the limited partners of roughly $28,000 and *that the next morning when I talked to him it was also agreed that any outstanding liens were filed against that property that Fidelity Savings and Loan would eat that* and our liability would be $28,000 a piece. So I guess I assume that by talking to him that we had legal counsel *if that M & M Lien were filed Fidelity would eat that and we would not be responsible for it.* So I called him the day after the foreclosure sale because that had not been done and asked well, look, we come back to you because our position still was on behalf

of the partners we agreed to pay some money to him and we still felt in that manner.'" (emphasis added)

It is apparent from this testimony that Wash–West and Fidelity agreed that Fidelity was to assume responsibility for any mechanic's and materialmen's liens filed against the property. When none was filed, Levacy apparently recognized that Morrison would not be paid anything by anyone and, "on behalf of the partners," confirmed the partnership's desire to pay Morrison for at least part of its work. This constitutes no evidence of a contract between Wash–West and Fidelity whereby Fidelity agreed to pay *any* outstanding *claims* of Morrison. Appellant's points of error one, three, and five are sustained.

■ In points of error seven and eight, Appellant maintains that there is no evidence or, alternatively, insufficient evidence to support the jury's finding that Appellee was entitled to recover under its theory of quantum meruit. Recovery under quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Black Lake Pipe Line Co. v. Union Constr. Co.,* 538 S.W.2d 80, 86 (Tex.1976). In order to recover under this theory, one must show:

(1) that valuable services were rendered or materials furnished

(2) for the person sought to be charged,

(3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him

(4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Bashara v. Baptist Memorial Hosp. Sys.,* 685 S.W.2d 307, 310 (Tex.1985). The evidence is undisputed that Morrison contracted with Wash–West, not Fidelity, to put water and sewer lines in a subdivision which Wash–West owned and was developing. Although Fidelity did arguably receive the benefit of Morrison's labor and materials, having foreclosed on the property, "[i]t is well settled that '[n]o one can

legally claim compensation for ... incidental benefits and advantages to one, flowing to him on account of services rendered to another by whom the [services provider] may have been employed.' " *Bashara,* 685 S.W.2d at 310, quoting *Landman v. State,* 97 S.W.2d 264, 265 (Tex.Civ.App.—El Paso 1936, writ ref'd). Fidelity took no part in Morrison's hiring nor in overseeing its work. No one at Fidelity told Morrison to continue the work after it became apparent the loan was in default. There is no evidence of any relationship between Fidelity and Morrison. Appellant's seventh point of error is, thus, sustained.

We do not reach points of error two, four, six, and eight since they are not necessary to the disposition of this appeal. *TEX.R.APP.P. 90.*

The judgment below is reversed, and Appellee Morrison is ordered to take nothing by its suit.

REVERSED AND RENDERED.