NEW YORK UNDERWRITERS INSUR-
ANCE COMPANY and Hartford In-
surance Group, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, William Ka-
nen, James Wilkins, and Julie Ann
Hurtibise, Appellees.

No. 05–92–01200–CV.

Court of Appeals of Texas,
Dallas.

April 19, 1993.

Gary D. Lykins, Jeffrey P. Mahon, Dallas, for appellants.

John E. Collins, Dallas, for appellees.

Before BAKER, OVARD and ROSENBERG, JJ.

**OPINION**

BAKER, Justice.

This summary judgment case involves the attempt by Hartford, the workers' compensation carrier, to recover benefits it paid to two injured workers from both State Farm, the third party tortfeasor's liability carrier, and the two injured workers. The trial court awarded Hartford only the total amount of the settlement State Farm paid to the injured workers, Kanen and Wilkins. The trial court also awarded Kanen and Wilkins one-third of Hartford's recovery as attorney's fees. The trial court refused to award Hartford attorney's fees.

Hartford contends it should have recovered the amount of the settlement proceeds from both State Farm and Kanen and Wilkins. Hartford contends the trial court erred in awarding attorney's fees to Kanen and Wilkins and denying Hartford its reasonable and necessary attorney's fees. Hartford asserts the trial court erred by refusing to hold that the settlement between State Farm and Kanen and Wilkins was a confessed judgment for the total amount of benefits Hartford paid to Kanen and Wilkins. Hartford contends the trial court erred by not finding a third party beneficiary contract in favor of Hartford for Hartford's full subrogation rights. Hartford asserts the trial court erred in refusing to find a civil conspiracy by State Farm, Kanen, and Wilkins. Finally, Hartford contends the trial court erred in granting the third party tortfeasor a take-nothing judgment against Hartford. These contentions are without merit. We overrule Hartford's points of error.

In a single cross-point, State Farm contends the trial court erred in denying summary judgment on its affirmative counterclaim for sanctions under rule 13.[1] State Farm alleges the record shows that Hartford's suit is groundless and brought in bad faith. State Farm contends the pleadings, affidavits, and depositions show as a matter of law it established its right to rule 13 damages. Hartford filed a counter sum-

---

1. Tex.R.Civ.P. 13.

mary judgment motion alleging State Farm had no right to recover sanctions under rule 13. Hartford supported its summary judgment motion with affidavits from its attorney and its agent. The trial court held State Farm could not recover on its affirmative counterclaim as a matter of law. We conclude the trial court erred in entering this order. We sustain State Farm's cross-point of error.

We affirm the trial court's judgment that Hartford recover only $17,500 from State Farm. We affirm the trial court's judgment that Wilkins and Kanen recover $2,500 and $3,333 respectively from Hartford. We affirm the trial court's judgment that Hartford recover nothing from Julie Ann Hurtibise. We reverse the trial court's judgment that State Farm take nothing on its affirmative counterclaim. We remand the case for further proceedings on State Farm's claims for relief under rule 13.

## THE BACKGROUND FACTS

In June 1987, Julie Ann Hurtibise, State Farm's insured, had an automobile accident with James Wilkins and William Kanen. Wilkins and Kanen were in the course and scope of their employment when the accident happened. Hartford paid benefits of $24,452.88 to Wilkins and $20,040.20 to Kanen. Wilkins and Kanen hired a lawyer to pursue their third party claim against State Farm's insured, Julie Ann Hurtibise. Wilkins and Kanen settled their third party claim against Hurtibise just before the two-year statute of limitations ran. State Farm paid $10,000 to Wilkins and $7,500 to Kanen. When State Farm settled with Wilkins and Kanen, State Farm recognized Hartford's claim against Hurtibise. State Farm told the Wilkins and Kanen lawyer that State Farm would handle the Hartford claims on their merits directly with Hartford.

After its settlement with Wilkins and Kanen, State Farm offered Hartford $21,500 on both the Wilkins and Kanen claims. Hartford refused this offer. State Farm later made another offer of $17,500. This was the same as the amount State Farm paid to Wilkins and Kanen. Hartford also refused this offer.

## THE PROCEDURAL BACKGROUND

Hartford sued State Farm, Kanen, Wilkins, and Hurtibise for the total amount of the benefits it paid to Wilkins and Kanen together with attorney's fees and interest. Hartford alleged that because State Farm settled with Wilkins and Kanen, State Farm, Hurtibise, Wilkins, and Kanen became liable to Hartford for the total of the workers' compensation benefits it paid to Wilkins and Kanen. Hartford alleged the settlement was a constructive fraud and a civil conspiracy, which entitled it to exemplary damages. Hartford also alleged that State Farm entered into a contract with Wilkins and Kanen's lawyer to pay Hartford its subrogation interest in return for the releases from Kanen and Wilkins. Hartford alleged it was a third party beneficiary of this contract and could recover the benefits it paid to Wilkins and Kanen under the terms of this contract.

State Farm answered and acknowledged its liability up to the settlement amounts it paid to Wilkins and Kanen. State Farm denied any liability over that amount. Wilkins and Kanen answered, denying any liability to Hartford and counterclaiming for one-third of the amounts claimed by Hartford as attorney's fees for their attorney. Although Hartford made Hurtibise a party defendant in its original pleadings, Hartford dropped her as a defendant in Hartford's first amended original petition.

State Farm filed a cross-action against Hartford alleging it should recover actual and exemplary damages from Hartford because Hartford's suit was groundless and brought in bad faith. State Farm alleged it could recover these damages as sanctions under rule 13 of the Texas Rules of Civil Procedure.

State Farm moved for summary judgment on the grounds that as a matter of law it was liable for only $17,500, the total amount paid in settlement to Wilkins and Kanen. Wilkins and Kanen moved for summary judgment on the grounds they should recover one-third of the amounts of

the settlement due Hartford from State Farm as attorney's fees. The trial court granted summary judgments for State Farm, Wilkins, and Kanen. State Farm also moved for summary judgment for actual and exemplary damages on its affirmative counterclaim for rule 13 sanctions. The trial court denied State Farm's summary judgment on its counterclaim for rule 13 damages.

## THE APPLICABLE LAW

### A. The Workers' Compensation Statute

Section 6a(a) of article 8307 was the applicable statute. It provided:

If the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law. If the claimant is a beneficiary under the death benefits provisions of section 8a, article 8306, Revised Civil Statutes of Texas, 1925, as amended, a judgment shall not constitute an election but the amount of such recovery shall first pay costs and attorney's fees and then reimburse the association, and if there be any excess it shall be paid to the beneficiaries in the same ratio as they received death benefits and the association shall suspend further payments of benefits until the suspended benefits shall equal the amount of such excess at which time benefits shall be resumed. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his

legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries. However, when the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (1/3) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable attorney's fee to the claimant's attorney for recovery of the association's interest, which in no case shall exceed thirty-three and one-third percent (33⅓%) payable out of the association's part of the recovery.

*See* Act of May 17, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387, 1387–88 (formerly Tex.Rev.Civ.Stat.Ann. 8307, § 6a, *repealed* by Texas Workers' Compensation Act, 71st Leg., 2d C.S. ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 114.

### B. The Case Law

 There is but one cause of action against the third party tortfeasor. *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865, 868 (1952); *Phennel v. Roach,* 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied). The right of the compensation carrier to recoup benefits paid is derivative of the worker's claim against the third party tortfeasor. *See Phennel,* 789 S.W.2d at 615. The statute entitles the carrier to receive the first money paid to or recovered by the employee. The employee has no right to any of the funds received from the third party tortfeasor until the carrier receives payment in full. *Traders & Gen. Ins. Co. v. West Texas Util. Co.,* 140 Tex. 57, 165 S.W.2d 713, 715 (Tex.Com.App.1942). This statutory scheme prevents a worker from getting a double recovery because the statute entitles the carrier to recoup all the benefits it paid to the worker. *See Fort Worth Lloyds,* 246 S.W.2d at 869; *Home Indemnity Co. v. Pate,* 814 S.W.2d 497, 498 (Tex.

App.—Houston [1st Dist.] 1991, writ denied).

■ Where the worker and the third party tortfeasor settle without considering the carrier's recoupment rights, both the worker and the third party tortfeasor are jointly and severally liable to the carrier for the amount of the settlement to the extent necessary to reimburse the carrier as provided in section 6a. *See Capitol Aggregates, Inc. v. Great American Ins. Co.*, 408 S.W.2d 922, 923–24 (Tex.1966); *Fort Worth Lloyds*, 246 S.W.2d at 870; *Traders & Gen. Ins. Co.*, 165 S.W.2d at 716.

■ If the carrier does not pursue its subrogated claim against the third party tortfeasor and does not collect damages from the third party tortfeasor, then the carrier may recover only the amount of any settlement between the worker and the third party tortfeasor. *Fort Worth Lloyds*, 246 S.W.2d at 870; *see also Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex.App.—San Antonio 1986, writ dism'd).

■ On the other hand, if the carrier pursues the injured worker's claim against the third party tortfeasor and recovers a judgment, the carrier may also recover the damages found by the fact finder *or* the amount of the settlement paid by the third party tortfeasor to the injured worker *but not both*. Under these circumstances, the carrier may recover the settlement proceeds from the injured worker. *See Capitol Aggregates, Inc.*, 408 S.W.2d at 924. However, the carrier's recovery is limited to the total amount of compensation paid to the injured worker. The injured worker is not subjected to double liability. *See Capitol Aggregates, Inc.* 408 S.W.2d at 924.

### C. Summary Judgment Standard of Review

■ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact on one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show there is no genuine issue of material fact. The movant must show it can recover judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We accept as true evidence favorable to the nonmovant in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon*, 690 S.W.2d at 548–49. We indulge every reasonable inference for the nonmovants. We resolve any doubts in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

■ A defensive summary judgment disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed on any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Once the defendant produces enough evidence to show its right to a summary judgment, the plaintiff must come forth with enough evidence to raise a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

■ The purpose of the summary judgment rule is not to provide a trial by deposition or affidavit. The rule provides a method of summarily terminating a case when it clearly appears that the case involves only a question of law and that no genuine issue of fact remains. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962); *Chambers v. City of Lancaster*, 843 S.W.2d 143, 146 (Tex.App.—Dallas 1992, writ requested).

■ When both parties move for summary judgment, we review all the summary judgment evidence accompanying both motions before deciding whether the trial court should have granted either of the motions. *Villarreal v. Laredo Nat'l Bank*, 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). We must render the judgment the trial court should have rendered. *Members Mut. Ins. Co. v. Hermann Hosp.*, 664 S.W.2d 325, 328 (Tex. 1984).

## APPLICATION OF LAW
## TO THE FACTS

**A. Is State Farm's Settlement with Wilkins and Kanen a Confession of Judgment by State Farm in the Liquidated Amount of the Total Benefits Hartford Paid to Wilkins and Kanen?**

 In its third point of error, Hartford argues that State Farm's settlement funds occupy the same place in the case as though the case had proceeded to judgment upon the third party tortfeasor's established negligence. Hartford argues that the settlement creates a confessed judgment on the third party's liability in the amount of the compensation benefits it paid to Wilkins and Kanen.

Hartford concedes there are no Texas cases considering this contention. However, Hartford submits that the amount of the alleged confessed judgment should be equal to the amount of the benefits it paid to Wilkins and Kanen. Hartford relies on *Traders & General Insurance Co. v. West Texas Utilities Co.* in support of this contention.

Hartford seizes on the following statement in *Traders & General:*

> The money so paid by the company [the settlement funds] was in excess of the amount of compensation paid by the association to the employee and was in settlement of the alleged damages, and hence occupies the same place in the pending controversy as it would have occupied if the case had proceeded to judgment upon the established negligence of the alleged tortfeasor.

*Traders & Gen. Ins. Co.*, 165 S.W.2d at 716. From this language, Hartford argues that settling around the compensation carrier creates a judgment debt against the third party tortfeasor as though liability had been judicially established, thus making the carrier a judgment creditor of the third party defendant. We disagree.

Hartford overlooks and ignores the remainder of the *Traders & General* opinion. The court held that the right of subrogation has its existence only in the terms of section 6a(a) of the Act and can be enforced only as therein directed. The statute directs the apportionment of the amount recoverable against the third party tortfeasor between the parties. The statute directs that the association first recoup itself out of the amount recovered and the excess only is paid to the injured employee. Act of May 17, 1985, 69th Leg., R.S., ch. 326, 1985 Tex.Gen.Laws 1387 (repealed 1989).

Significantly, the *Traders & General* court held that the association's right to reimbursement out of the first money paid is statutory. *See Traders & Gen.*, 165 S.W.2d at 716. A settlement does not confess a judgment. It is clear from *Traders & General* and later cases that although the third party's negligence need not be judicially established before the carrier may assert its claim for subrogation, the carrier may collect the full amount of the benefits it paid only if the settlement funds were equal to or greater than the benefits paid.

If the amount of the settlement is less than the benefits paid and the carrier does not pursue the negligence claim against the third party tortfeasor, the carrier's recovery is limited to the settlement funds. *See Pan Am. Ins. Co. v. Hi–Plains Haulers, Inc.*, 163 Tex. 1, 350 S.W.2d 644, 647 (1961); *see also Home Indem. v. Pate*, 814 S.W.2d at 498; *Travelers Ins. Co. v. Seidel*, 705 S.W.2d at 281; *Houston Lighting & Power Co. v. Allen & Coon Constr. Co.*, 634 S.W.2d 875, 877 (Tex.App.—Beaumont 1982, no writ); *Home Indem. Co. v. Thompson*, 407 S.W.2d 530, 531 (Tex.Civ. App.—Texarkana 1966, no writ).

Hartford argues that public policy requires acceptance of its theory that the settlement is a confession of judgment for the full amount of compensation benefits paid. Hartford argues that to allow persons and entities to conspire to perform an unlawful act and compromise the rights of the carrier is an invitation to cheat and defraud the company. Hartford maintains that holding a settlement is a judgment confessed in the total amount of the benefit will discourage conspiracy to defeat the subrogation rights of a workers' compensation insurance carrier.

An insurance carrier, such as Hartford, has the right to protect itself against the alleged fraud and conspiracy claims it makes. The carrier can do so by taking advantage of its statutory right and timely filing suit against a third party tortfeasor. We reject Hartford's argument that the settlement by a third party tortfeasor with the worker is a confession of judgment for the full amount of any benefits paid by the carrier to the worker. We overrule Hartford's third point of error.

### B. Is Hartford Entitled to Recover the Settlement Funds From Both State Farm and Wilkins and Kanen?

■ In its first point of error, Hartford contends the trial court erred in entering summary judgment that permitted Wilkins and Kanen to keep the State Farm settlement funds. In its second point of error, Hartford contends the court erred in failing to grant Hartford's motion for 199 summary judgment that it recover the settlement amount from both State Farm and Wilkins and Kanen.

Hartford relies on *Capitol Aggregates, Inc.*, 408 S.W.2d 922, and *Estate of Padilla v. Charter Oaks Fire Insurance Co.*, 843 S.W.2d 196 (Tex.App.—Dallas 1992, writ denied), to support this claim. These two cases are distinguishable

In *Capitol Aggregates*, the carrier sued in the worker's name against the third party tortfeasor to recover damages for the worker's injuries. The worker and the third party tortfeasor settled without the carrier's knowledge or approval. The carrier proceeded with the suit against the third party with the worker cooperating fully. The jury returned a verdict against the third party for damages. The trial court rendered judgment that the carrier recover from the third party the damages found by the jury, that the carrier recover the settlement funds from the worker, and that the carrier take nothing on its claim that it recover the settlement funds in addition to damages from the third party. In *Capitol Aggregates*, the court observed the jury damages and the settlement funds totaled less than the benefits the carrier paid

to the worker. In *Capitol Aggregates*, the carrier recovered from the worker only the damages the jury awarded from the third party and not the settlement funds. The carrier recovered from the third party only the settlement amount and not any additional sums. The judgment subjected neither the third party nor the worker to double liability.

In *Capitol Aggregates*, the court observed that in *Fort Worth Lloyds* and *Traders & General*, the carrier urged its statutory right to the proceeds of the settlement but did not try to establish the third party's tort liability for the injured employee's damages. In *Fort Worth Lloyds* and *Traders & General*, the court held the carrier could recover only the settlement funds from the third party and the workman, jointly and severally.

In *Padilla*, the issue was whether the injured worker could use the excess recovery from the third party for nonstatutory reasons and then make another claim against the carrier for additional benefits under the theory that the worker had exhausted the advance. *See Padilla*, 843 S.W.2d at 199; Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a(c). Neither the facts nor the holding in *Padilla* apply to this case.

The rule of *Traders & General Insurance Co.* applies. This rule holds that if the carrier does not pursue the injured worker's claim against the third party tortfeasor, then the carrier may recover only the settlement funds from the third party and the worker, jointly and severally. *See Fort Worth Lloyds*, 246 S.W.2d at 869–70; *Traders & Gen. Ins. Co.*, 165 S.W.2d at 716; *see also Travelers Ins. v. Seidel*, 705 S.W.2d at 280. We overrule Hartford's points of error one and two.

### C. Did the Trial Court Err in Awarding Attorney's Fees to Wilkins and Kanen and Denying Attorney's Fees to Hartford?

■ In its fourth point of error, Hartford contends the trial court erred in awarding one-third of the $17,500 total settlement to Wilkins and Kanen's attorney as attorney's fees. In its fifth point of error,

Hartford contends the trial court erred in refusing to permit a factual determination that Hartford recover a reasonable and necessary attorney's fee.

Hartford argues it is not clear what legal basis prompted the trial court to award fees to Wilkins and Kanen. Hartford argues that section 6a cannot support the award of attorney's fees because here Hartford sued to recover settlement funds. We disagree.

In this case, the trial court had authority to award attorney's fees to Wilkins and Kanen under section 6a of article 8307. This record reflects that the attorney for Wilkins and Kanen was solely responsible for negotiating the settlement with State Farm. Hartford took no part in these negotiations. When State Farm offered to settle for more than the benefits paid, Hartford refused the offer. When State Farm later offered to settle for the amount of the benefits paid, Hartford again refused and filed suit. Because we have held that the trial court entered the correct judgment, Hartford recovered no more than it could receive from State Farm before it filed the suit. Without the efforts of Wilkins and Kanen's attorney, Hartford would have received nothing.

In this case, an attorney did not actively represent the carrier's interest, and the statute requires the court to award a one-third attorney's fee to the claimant's attorney. Art. 8307, § 6a(a); *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885, 887 (Tex.App.—Austin 1986, writ ref'd n.r.e.); *Chambers v. TEIA*, 693 S.W.2d 648, 651 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *see also City of Austin v. Janowski*, 825 S.W.2d 786, 789 (Tex.App.—Austin 1992, no writ). Because Hartford did not have an attorney who participated in the settlement, the trial court did not err in awarding attorney's fees to Wilkins and Kanen. For these same reasons, the trial court did not err in refusing to allow Hartford its attorney's fees. We overrule Hartford's points of error four and five.

### D. Was Hartford a Third Party Beneficiary?

In its seventh point of error, Hartford claims it is a third party beneficiary to a "contract" between State Farm and Wilkins and Kanen.

Hartford bases its claim of third party beneficiary on the contents of a letter State Farm wrote to the lawyer for Wilkins and Kanen. This letter, dated June 1, 1989, said:

> Earlier as you know, I forwarded drafts and releases for your clients [Wilkins and Kanen]. The arrangement I had with your assistant ... was the payments were intended exclusively for your clients and the law firm in return for releases on their personal claims against our insured [Hurtibise]. We are aware of the Workers Compensation claims pending against our insured and their claims will be handled on their merits directly with the carrier [Hartford].

Hartford contends the last sentence establishes a third party beneficiary contract between State Farm, the workers, and Hartford.

When a party claims a third party beneficiary contract, the intention of the original parties to the contract controls. We presume these parties contracted for themselves unless it "clearly appeared" that they intended a third party to benefit from their contract. *See Fidelity Sav. and Loan Ass'n v. Morrison & Miller, Inc.*, 764 S.W.2d 385, 387 (Tex.App.—Beaumont 1989, no writ). The court must find a clear intent to contract for a direct benefit to the alleged third party beneficiary. *See MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 12 (Tex.App.—Dallas 1988, writ denied).

The summary judgment evidence in this case reflects there was no clear intention between State Farm and Wilkins and Kanen's attorney that Hartford was a third party beneficiary to the full extent of the benefits Hartford paid to Wilkins and Kanen. The record further reflects State Farm recognized its legal obligation to Hartford and offered a settlement amount to Hartford greater than the settlement funds State Farm paid to Wilkins and Kanen. Hartford produced no summary judgment evidence that raises a fact issue that

the letter contemplated State Farm would pay Hartford the total amount of benefits it paid to Wilkins and Kanen.

Hartford relies on *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436 (5th Cir.1988), to support its claim. Hartford argues that *Speaks*, on similar facts, permitted the carrier to recover as a third party under the agreement between the employee and the third party tortfeasor. Hartford misplaces its reliance on *Speaks*.

In *Speaks*, the compensation carrier intervened in the employee's third party action. The *Speaks* settlement agreement specifically stated that the third party was responsible for the subrogation lien in addition to the settlement proceeds. *Speaks* arises out of the Long Shore and Harbors Workers' Compensation Act and not under the Texas Workers' Compensation Act. We conclude Hartford did not raise a fact issue on a third party beneficiary contract. We overrule Hartford's seventh point of error.

**E. Did the Trial Court Err in Granting a Take Nothing Judgment Against Hartford on its Claim Against Hurtibise?**

In its eighth point of error, Hartford contends that the trial court should have granted Hartford a judgment against the third party tortfeasor, Julie Ann Hurtibise.

 This point of error is without merit because:

(1) Hartford cites no authority to its claim that the trial court's judgment for Hurtibise was improper. Because Hartford did not properly brief this point, Hartford waived it. *See* Tex.R.App.P. 74(f); *Home Indem. Co. v. Thompson*, 407 S.W.2d 530, 531 (Tex.Civ.App.—Texarkana 1966, no writ);

(2) The record reflects Hartford dropped Hurtibise as a party defendant when Hartford filed its first amended petition. The filing of an amended petition omitting an individual as a party defendant has the effect of dismissing the party as if the court entered a formal dismissal order. *See Johnson v. Coca Cola Co.*, 727 S.W.2d 756, 758 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Sparks v. Aetna Life and Casualty Co.*, 554 S.W.2d 228, 230 (Tex.Civ.App.—Dallas 1977, no writ);

(3) Hartford did not file suit against Hurtibise within two years of the date of the accident. Limitations barred Hartford's claim against Hurtibise when Hartford originally sued Hurtibise. *See* Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). We overrule Hartford's point of error number eight.

## STATE FARM'S CROSS-POINT OF ERROR

In one cross-point of error, State Farm contends Hartford's claims are groundless and frivolous as a matter of law. State Farm argues that rule 13 of the Texas Rules of Civil Procedure entitles it to recover attorney's fees and any other damages or sanctions that are appropriate under rule 215. *See* Tex.R.Civ.P. 13 and 215(2)(b).

State Farm argues the law is clear and undisputed on the amount Hartford may recover. State Farm offered to pay Hartford an amount greater than the settlement funds. State Farm argues that despite this offer, Hartford chose to file a frivolous lawsuit without any evidence to support the allegations and forced it and the other appellees to defend the meritless suit. State Farm requests we reverse the trial court's judgment denying its affirmative claim under rule 13 and remand the matter for a trial on State Farm's damages.

State Farm moved for summary judgment on its counterclaim, claiming a right to recover as a matter of law. Hartford filed a countermotion for summary judgment. Hartford alleged State Farm could not recover on its counterclaim as a matter of law.

The record does not show that the trial court held a hearing on State Farm's request for relief under rule 13. There is no statement of facts of any evidentiary hearing. There are no findings of fact and conclusions of law by the trial court on State Farm's request for relief under rule 13. The judgment made the basis of this appeal recites that as a matter of law State

Farm take nothing on its affirmative counterclaim against Hartford. State Farm contends the trial court should have found a violation of rule 13 as a matter of law.

## A. Standard of Review

The trial court's imposition of rule 13 sanctions are within its discretion. We set aside that decision only upon a showing of a clear abuse of discretion. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex. 1989). We determine whether the trial court's action was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). In reviewing the trial court's action in granting or denying sanctions, we ordinarily look to its formal findings of fact and conclusions of law. When the trial court does not make findings of fact and conclusions of law in a bench trial, the judgment implies all necessary fact findings to support it. *In the Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984). We uphold the judgment on any applicable theory that finds support in the record. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968).

To support a reversal of the trial court's actions, the trial court's imposition or refusal to impose sanctions must amount to such a denial of an appellant's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1); *Bruner v. Exxon USA,* 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied).

## B. Requirements of Rule 13

Rule 13 authorizes the imposition of sanctions available under rule 215(2)(b) against an attorney, a represented party, or both, who filed a pleading that is both: (1) groundless *and* brought in bad faith; or (2) groundless *and* brought to harass. The purpose of rule 13 is to check abuses in the pleading process. *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ). The trial court must find that the pleadings are in fact groundless *and* brought in bad faith or to harass. *Home Owners,* 815 S.W.2d at 887.

When determining whether rule 13 sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Home Owners,* 815 S.W.2d at 889. Rule 13 requires sanctions based on the acts or omissions of the represented party or counsel—not merely on the legal merit of the pleading. *See Zarsky v. Zurich Management, Inc.,* 829 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the groundless petition. *Home Owners,* 815 S.W.2d at 888–89. Without hearing evidence on the circumstances surrounding the filing of the pleading and the signer's credibility and motives, the trial court has no evidence to determine that a party or its attorneys filed the pleading in bad faith or to harass.

## C. Application of Law to the Facts

State Farm moved for summary judgment on its counterclaim for sanctions under rule 13. Hartford countered with a summary judgment motion contending State Farm could not prevail on its counterclaim under rule 13 as a matter of law. The trial court apparently denied State Farm's motion and granted Hartford's motion.

We assume without deciding, for purposes of this opinion, that the counterclaim for affirmative relief under rule 13 is an available method to bring a motion for sanctions under rule 13. The trial court did not hold an evidentiary hearing to obtain evidence to determine the circumstances surrounding the filing of the pleading and the signer's credibility and motives. Because rule 13 requires weighing evidence and judging credibility, State Farm's counterclaim was not ripe for adjudication. *Home Owners,* 815 S.W.2d at 889. The summary judgment rule does not provide

for trial by deposition or affidavit. We conclude that summary judgment is inappropriate for deciding the motives and credibility of the person signing the alleged groundless petition. We hold the trial court erred in granting Hartford's motion for summary judgment on State Farm's counterclaim for relief under rule 13. We sustain State Farm's cross-point of error.

## CONCLUSION

We affirm the trial court's judgment awarding Hartford $17,500 from State Farm; $3333 to Wilkins from Hartford as attorney's fees; and $2500 to Kanen from Hartford as attorney's fees. We reverse the trial court's judgment denying State Farm recovery on its counterclaim as a matter of law. We remand this cause for further proceedings on State Farm's claims for relief under rule 13 against Hartford.