NUMBER 13-02-00275-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

MEDICAL SPECIALIST GROUP, P.A.,

D/B/A SARATOGA MEDICAL CENTER,                                          Appellant,

 

                                                             v.

 

RADIOLOGY ASSOCIATES, L.L.P., ET
AL.,                                  Appellees.

 

    On appeal from the 105th District Court of Nueces County,
Texas.

 

           CONCURRING AND DISSENTING OPINION

 

                  Before Justices Hinojosa, Yañez,
and Garza

              Concurring and Dissenting Opinion
by Justice Hinojosa








I concur with that portion of the majority=s opinion overruling Saratoga=s four issues on appeal.  However, I respectfully dissent from that
portion of the majority=s opinion holding that Radiology Associates
is not entitled to attorney=s fees and expenses under the Texas Free
Enterprise and Antitrust Act of 1983 (Athe Act@)[1]
because I conclude that Radiology Associates produced sufficient evidence to
establish that Saratoga=s antitrust claims were both (1) groundless
and (2) brought in bad faith or for the sole purpose of harassment.  Accordingly, I would sustain Radiology
Associates= cross-appeal and would render judgment for
the amount of attorney=s fees and expenses that Radiology
Associates incurred in defending against Saratoga=s antitrust claims.

I agree with the majority that the only
evidence before the trial court regarding Radiology Associates= claim for attorney=s fees and expenses under section
15.21(a)(3) of the Texas Business and Commerce Code is an affidavit from its
counsel.  The majority notes that there
is no indication that the trial court held a hearing to consider the
circumstances surrounding the filing of Saratoga=s action and the credibility and motives of
Saratoga and its counsel, and furthermore, there is no indication that
Radiology Associates ever objected to the failure to hold such a hearing.  However, I note the record shows that at the
end of the ninth day of a ten-day trial, the following exchange occurred
between counsel for Radiology Associates and the trial court:

Counsel:         Your honor, the reason that I rested
subject to that other evidence, is that, we do have a counterclaim for attorney=s fees. 
There=s specifically a counterclaim under the
Texas Free Enterprise and Anti-Trust Act, and it=s gonna require the Court to hear evidence,
because the finding is to be made by the Court and not by the jury.

 

The Court:      Very well.

 

                                                          *
* * * * * *

 








The Court:      Well, since those are going to be matters
for the Court, and I can hear those matters later on and any objections at that
time.

 

The record is devoid of any
reason why the requested hearing was not held, but only supplies us with
Radiology Associates= AOffer of Proof in Form of Affidavit of John
C. Holmgreen, Jr. in Support of Counterclaim for Attorneys= Fees and Expenses.@  

I also find the
majority=s reliance on Davila v. World Car Five
Star, 75 S.W.3d 536, 544 (Tex. App.BSan Antonio 2002, no pet.) and New York
Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co., 856 S.W.2d 194,
205 (Tex. App.BDallas 1993, no writ), for the proposition
that Awithout hearing evidence on the
circumstances surrounding the filing of the pleading and the signer=s credibility and motives, the trial court
has no evidence to determine whether the party or its attorneys filed the
pleading in bad faith or to harass,@ to be misplaced.  Although Davila is a case applying the
similar DTPA provision, I note that the San Antonio court cited New York
Underwriters for this proposition. 
However, New York Underwriters is a case applying Rule 13
sanctions, see New York Underwriters Ins. Co., 856 S.W.2d at 205, and as
the Dallas court pointed out, Rule 13 requires the trial court to hold an
evidentiary hearing to make the necessary factual determinations about the
motives and credibility of the person signing the groundless petition.  See Tex.
R. Civ. P. 13.  By contrast,
section 15.21(a)(3) has no such requirement. 
See Tex. Bus. & Com.
Code Ann. ' 15.21(a)(3) (Vernon 2002).








Finally, I disagree with the majority=s conclusion that the allegations of the
affidavit do not establish that Saratoga acted in bad faith or for the sole
purpose of harassment.  The affidavit
evidence shows that in its original petition, Saratoga generally alleged
violations of sections 15.05(a), (b), (c), (d), and (I) of the Act.  Radiology Associates filed special exceptions
to Saratoga=s original petition and requested that it
specifically identify whether its claims under the Act involved a Ahorizontal or vertical@ conspiracy. 
Subsequently, on May 10, 2001, Saratoga filed a first amended petition
and omitted its antitrust claims. 
However, on June 11, 2001, Saratoga filed a second amended petition and
reasserted its antitrust claims. 
Radiology Associates again filed special exceptions on the same grounds
it had asserted against Saratoga=s original petition.  On June 27, 2001, the trial court ordered
Saratoga to specifically plead whether it was asserting a horizontal or
vertical trade restraint.  Saratoga never
complied with the trial court=s order. 

The evidence shows that the case was set for
trial, and Radiology Associates continued with discovery.  Also, Radiology Associates filed a motion for
summary judgment on both traditional and no-evidence grounds, regarding
Saratoga=s claims under the Act.  The trial court heard the motion on the eve
of trial.  At the hearing, Saratoga
informed the trial court that it no longer intended to pursue its claims under
the Act and abandoned them.

The record shows that Saratoga presented no
evidence during the trial that Radiology Associates had violated any portion of
the Act.  Even though it had abandoned
its antitrust claims and had presented no evidence of any violation of the Act,
Saratoga submitted a proposed jury charge that included questions regarding its
abandoned antitrust claims.  At a
post-verdict hearing, Saratoga argued that its invocation and subsequent
abandonment of antitrust claims was strategic.








In his affidavit, Radiology Associates= counsel also set forth his qualifications,
his opinion regarding reasonable attorney=s fees, and the basis for his opinion.  He testified that his fees for the defense of
the case totaled $460,087.00, and approximately forty percent of these fees
were directly related to Saratoga=s antitrust claims.  Therefore, attorney=s fees directly related to Saratoga=s antitrust claims totaled $184,034.80.  Evidence was also presented that $4,000.00 of
the fees of Radiology Associates= economic expert were devoted to defend the
antitrust claims and constituted litigation expenses.  

The record reflects that Saratoga did not
respond or controvert any of the evidence presented by Radiology Associates
regarding their claim that Saratoga=s antitrust claims were groundless and
brought in bad faith or for the purpose of harassment.  The general rule is that the testimony of an
interested witness, such as a party to a suit, though not contradicted, does no
more than raise a fact issue to be determined by the jury.  Ragsdale v. Progressive Voters League,
801 S.W.2d 880, 881‑82 (Tex. 1990). 
However, there is an exception to this rule B where the testimony of an interested
witness is not contradicted by any other witness, or attendant circumstances,
and the same is clear, direct and positive, and free from contradiction,
inaccuracies, and circumstances tending to cast suspicion thereon, it is taken
as true, as a matter of law.  Id.  The exception is especially true where the
opposing party has the means and opportunity to disprove the testimony, if it
is not true, and fails to do so.  Id.
(citing Anchor Cas. Co. v. Bowers, 393 S.W.2d 168, 169-70 (Tex.
1965)).  








The affidavit from Radiology Associates= counsel was the only evidence tendered to
the trial court.  See Splettstosser v.
Myer, 779 S.W.2d 806, 808 (Tex. 1989); see also Donwerth v. Preston II
Chrysler-Dodge, Inc., 775 S.W.2d 634, 637 (Tex. 1989).  Because Saratoga did not present any
contradictory evidence, and the evidence presented by Radiology Associates is
clear, direct and positive evidence, I conclude that Saratoga=s antitrust claims were groundless and
brought in bad faith.  Because section
15.21(a)(3) provides that upon finding that a party=s antitrust claims are groundless and
brought in bad faith, the court Ashall@ award a reasonable attorney=s fee, court costs, and other reasonable
expenses of litigation, I would hold that the trial court abused its discretion
in denying Radiology Associates its reasonable attorney=s fees, court costs, and litigation
expenses.  See Tex. Bus. & Com. Code Ann. ' 15.21(a)(3) (Vernon 2002).

For these reasons, I respectfully dissent.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Concurring and Dissenting Opinion delivered

and filed this the 31st day of August, 2005.











[1] See Tex.
Bus. & Com. Code Ann. ch. 15 (Vernon 2002).