Oscar Rey **RODRIGUEZ**, A Partner of Fulbright & Jaworski L.L.P., Appellant,

v.

**MUMBOJUMBO, L.L.C.,** et al., Appellees.

No. 05–10–00361–CV.

Court of Appeals of Texas, Dallas.

Aug. 25, 2011.

Jeffrey S. Levinger, Rick Thompson, Brett D. Kutnick, Hankinson Levinger LLP, Jason Keith Fagelman, Michael A. Swartzendruber, Ben Taylor, Fulbright & Jaworski L.L.P., Dallas, Robert G. Newman, Fulbright & Jaworski L.L.P., San Antonio, for Appellant.

Martin E. Rose, Michael D. Richardson, Michael Ross Cunningham, Steven Dominic Sanfelippo, Rose Walker, L.L.P., Dallas, for Appellees.

R. Michael Northrup, Byron Kevin Henry, Cowles & Thompson, P.C., Robert B. Gilbreath, Hawkins, Parnell, Thackston & Young, LLP, Dallas, Gregory S. Coleman, Kevin J. Terrazas, Yetter Coleman, LLP, James A. Vaught, McCullar Vaught, P.C., Austin, for Amici.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a post-judgment order imposing a sanction on an attorney. In three issues, appellant Oscar Rey Rodriguez generally contends the trial court abused its discretion in issuing the sanction order against him and the sanction imposed violated his constitutional rights. Because we conclude there is no evidence to support the trial court's fact finding that is the basis of its sanction order, we reverse the order and render judgment denying appellees' motion for sanctions.

### I.

MumboJumbo, LLC was involved in a lengthy and complex lawsuit against Pop-Cap Games, Inc. and PopCap Games International, Ltd. Several weeks after the jury trial in the suit concluded, Mumbo-Jumbo filed a motion for sanctions against PopCap and its attorneys alleging, among other things, that PopCap had made baseless allegations against MumboJumbo in both written motions and in open court. MumboJumbo asserted that PopCap wrongfully accused MumboJumbo of committing such acts as concealing evidence and suborning perjury and that these false accusations were sanctionable.

Following a hearing on the motion, the trial court granted MumboJumbo's motion in part and denied it in part. The trial court granted the motion solely on the ground that counsel for PopCap had made a wrongful accusation against MumboJumbo of suborning perjury.[1] In its order, the court set forth its finding that "one of the Counsel for PopCap Games, Inc., Oscar Rey Rodriguez, in open court, accused Counsel for MumboJumbo of knowingly suborning perjury." The trial court further stated, "this accusation was without factual basis and was made in bad faith." The court then ordered Rodriguez to place an advertisement in a legal periodical apologizing for his conduct. Rodriguez instead brought this appeal.

## II.

In reviewing the trial court's sanction order in this case, we must first determine whether the trial court erred in concluding Rodriguez committed a sanctionable act. We review the trial court's decision for an abuse of discretion. *See Law Offices of Windle Turley, P.C. v. French,* 164 S.W.3d 487, 490 (Tex.App.-Dallas 2005, no pet.). The test for an abuse of discretion is whether the trial court's ruling was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). The trial court, as the fact finder, has the right and duty to weigh the evidence and make reasonable deductions therefrom. *See Davis v. Rupe,* 307 S.W.3d 528, 530 (Tex.App.-Dallas 2010, no pet.). The court abuses its discretion, however, if it bases its sanction order on a clearly erroneous assessment of the evidence. *See French,* 164 S.W.3d at 490.

█ Rodriguez contends there is no evidence to support the trial court's finding

that he accused counsel for MumboJumbo in open court of knowingly suborning perjury. We note that MumboJumbo's motion for sanctions did not allege that Rodriguez had accused MumboJumbo's counsel in open court of suborning perjury. The motion for sanctions alleged only that PopCap's counsel had made such an accusation in a written motion. Accordingly, the alleged conduct made the basis of the trial court's sanction order was not the subject of MumboJumbo's motion for sanctions.

All parties agree that the statements upon which the trial court based its sanction order occurred during a hearing on an evidentiary motion filed by PopCap. PopCap's motion sought the application of the crime-fraud exception to certain documents MumboJumbo claimed were protected from disclosure by the attorney-client privilege. PopCap alleged that witnesses for MumboJumbo had presented false or misleading testimony and the documents MumboJumbo sought to protect under the attorney-client privilege related to this act. After the trial court denied PopCap's motion, the following exchange occurred:

> **Mr. Rodriguez:** ... Additionally, I understand the Court has overruled our request, Your Honor. You know, we'll just re-urge that what we're seeing here is an offensive use of the privilege. And to the extent the crime-fraud issue implicates the use of attorney services to perpetrate fraud, well, these witnesses are using these attorneys here today to give testimony, to represent them, to advise them in this trial. And these attorneys have not sought to clarify or pull back the testimony. We just want

---

1. MumboJumbo does not challenge the denial of its motion for sanctions on the other grounds it asserted.

the record to be clear on that, Your Honor.

**The Court:** Assuming that's true and, again, hypothetically, these communications you're referring to, if you're saying that these attorneys in the courtroom are somehow conspiring to commit a fraud on the Court by giving perjured testimony, these—even assuming that were true, that these are not communications between these attorneys and the witnesses, they're underlying communications that were made before. . . .

**Mr. Rodriguez:** And, Your Honor, so the record is clear, we mean to cast no aspersions on counsel. This is a party crime-fraud challenge. We certainly cast no aspersions on any of the counsel or the lawyers.

At the hearing on MumboJumbo's motion for sanctions, the trial court found the above statements by Rodriguez amounted to an accusation against MumboJumbo's counsel of suborning perjury. We conclude this finding reflects both an erroneous assessment of the evidence and a misapplication of the law on subornation of perjury.

■ To suborn perjury, a party, acting with the intent to promote or assist a witness in committing perjury, must solicit, encourage, direct, aid, or attempt to aid the witness to commit perjury. *See Hardy v. State*, 246 S.W.3d 290, 296 (Tex. App.-Houston [14th Dist.] 2008, pet. ref'd); *see also* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2003). Rodriguez's arguments in support of PopCap's motion in no way implied such conduct on the part of MumboJumbo's attorneys. For the crime-fraud exception to the attorney-client privilege to apply, the attorney need not be aware his services were obtained to further the commission of a crime or fraud by the client. *See* TEX.R. EVID. 503. Accordingly, the argument Rodriguez made at the hearing before the trial court that the crime-fraud

exception applied to communications between MumboJumbo and its attorneys does not, by itself, implicate the attorneys in any wrongdoing. And, although the crime-fraud exception involves communications between a party and its attorneys, Rodriguez specifically clarified that PopCap was seeking to apply the exception based only on the conduct of the party to the suit and he did not mean to "cast aspersions" on counsel.

■ The only conduct Rodriguez attributed to MumboJumbo's counsel was that they had "not sought to clarify or pull back the testimony" at issue. Although this statement arguably implies that MumboJumbo's counsel knew or should have known their clients committed perjury after the allegedly false testimony was given, the failure to withdraw or correct false testimony is not, as a matter of law, the subornation of perjury. One does not suborn perjury merely because one knows it has occurred and fails to disclose it. *Cf. Stevens v. State*, 820 S.W.2d 930, 934 (Tex. App.-Fort Worth 1991, pet. ref'd) (one does not become an accomplice merely through knowledge of crime or failure to disclose commission); *Edwards v. State*, 956 S.W.2d 687, 691 (Tex.App.-Texarkana 1997, no pet.) (evidence must show parties were acting together *at the time of commission of the offense* ). For subornation of perjury to occur, the suborner must act with the intent to promote or assist the witness in providing false testimony. *See Hardy*, 246 S.W.3d at 296. Nothing in Rodriguez's statement to the court that MumboJumbo's counsel failed to "clarify or pull back" their client's testimony after it had been given could be construed as accusing counsel of having had a common purpose and goal with the client to commit perjury at the time the testimony was given. We conclude, therefore, that there is no evidence to support the trial court's finding that Rodriguez accused counsel for

MumboJumbo in open court of knowingly suborning perjury.

Because there is no evidence to support the trial court's finding that is the sole basis of its March 19, 2010 sanction order, we conclude the trial court abused its discretion in issuing the order. Based on this conclusion, it is unnecessary for us to address the remainder of Rodriguez's arguments. We reverse the trial court's sanction order dated March 19, 2010 and render judgment denying MumboJumbo's motion for sanctions filed February 10, 2010.