**Reversed and Rendered and Opinion Filed August 9, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00020-CV**

**ROBERT C. WIEGAND, Appellant**
**V.**
**SKY KING FOUNDATION INCORPORATED,**
**FLYING CROWN FOUNDATION, AND**
**STEPHEN BIRCH, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-04103**

## MEMORANDUM OPINION

Before Justices FitzGerald and Lewis[1]
Opinion by Justice FitzGerald

In the course of civil litigation, the trial judge sanctioned one of the plaintiffs' attorneys, appellant Robert C. Wiegand, for violating a protective order. Wiegand appealed after the judge signed a final judgment in the case. We reverse.

### I.  BACKGROUND

Plaintiffs RSS Rail Signal Systems Corporation and John Cummings sued appellees on several theories of liability including fraud and breach of contract. Appellant was one of plaintiffs' attorneys.

---

[1] The Honorable Mary L. Murphy was on the panel and participated at the submission of this case. Due to her resignation from the Court on June 7, 2013, she did not participate in the issuance of this opinion. *See* TEX. R. APP. P. 41.1(a), (b).

Plaintiffs sought discovery about appellees via subpoenas duces tecum directed to two nonparties, Regions Bank and Regions Equipment Finance Company (REFCO). Regions Bank and REFCO filed a joint motion for protective order. Appellees also filed motions for protective order relating to the subpoenas. After a hearing, the trial judge signed a protective order that provided in pertinent part as follows:

> 1.    The Court DENIES in part, and GRANTS in part [appellees' motions for protective order]. The Court will allow the discovery to Regions bank and Regions Equipment Finance Corporation to proceed so long as the produced documents or the information contained therein are not provided to or disclosed to third parties.

> 2.    Pursuant to an agreement by and amongst Plaintiffs, Regions Bank, and REFC, the June 18, 2010 Deposition on Written Questions of REFC shall be rescheduled to occur at 11:00 a.m. on July 6, 2010, pursuant to the same notice and subpoena already issued and served . . . .

> . . .

> 5.    Unless given leave of Court, Plaintiffs and their attorneys shall not disclose or reveal the documents produced by Regions Bank and REFC or the information contained therein to anyone other than 1) the parties and their attorneys, 2) attorneys, paralegals and staff of Godwin Ronquillo PC, and 3) testifying or consulting experts retained for purposes of this lawsuit. It is the obligation of Plaintiffs and their attorneys to ensure that those to whom such information is disclosed comply with this order and maintain the confidential nature of such documents and information.

The judge signed this order on June 22, 2010.

On August 25, 2010, plaintiffs filed two business-records affidavits executed by a vice president of Regions Bank. One affidavit proved up over 800 attached pages of records from Regions Bank, and the other proved up over 500 attached pages of records from REFCO. On February 7, 2011, appellees filed a motion to seal those records and for sanctions, among other things. The trial judge heard the motion for sanctions, and he orally expressed his intention to grant the motion for sanctions and to exclude the filed documents from evidence. Two days later, plaintiffs filed a motion to reconsider and asked for an expedited hearing. The trial judge held a hearing on the motion to reconsider, and Wiegand testified at that hearing and presented

other evidence. The judge later signed an order in which he accepted Wiegand's testimony that the decision to file the documents had been his and not his clients', vacated his oral ruling that the documents would be excluded from evidence, and instead ordered Wiegand to pay appellee Birch a monetary sanction of $2,000.

Wiegand then filed a motion to vacate or alternatively modify the sanctions order. The judge then signed a nunc pro tunc sanctions order that was in substance the same as the prior order. Several days later, the judge a second nunc pro tunc sanctions order, which again did not change the substance of the previous orders.

Eventually a jury trial was held on the merits of the case, and the trial judge signed a final judgment in favor of plaintiffs. Wiegand timely appealed the sanctions order. Appellees have not filed a brief on appeal, but appellee Birch appeared at oral argument and presented argument pro se.

## II. ANALYSIS

Wiegand raises one issue on appeal in which he contends that the sanctions order was an abuse of discretion and should be vacated or reversed. He raises several different arguments in support of that issue. We need discuss only one.

We review a trial judge's decision imposing sanctions for abuse of discretion. *Rodriguez v. MumboJumbo, L.L.C.*, 347 S.W.3d 924, 926 (Tex. App.—Dallas 2011, no pet.). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). For example, a trial judge abuses his discretion if he bases a sanction on a "clearly erroneous assessment of the evidence." *Rodriguez*, 347 S.W.3d at 926.

One of Wiegand's arguments is that the trial judge abused his discretion because appellees did not pray for any particular amount of sanctions in their motion and because

–3–

appellees presented no evidence to justify the $2,000 amount settled on by the judge. We conclude that this argument is meritorious.

Any discovery sanction imposed under Texas Rule of Civil Procedure 215.2(b) must be just. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012). Such sanctions "are primarily intended to remedy discovery abuse and should be tailored to serve their remedial purpose." *Id*. at 187. "Although punishment may be a legitimate consequence of a discovery sanction, it cannot be excessive." *Id*. Most importantly for the instant case, the *Paradigm* court endorsed the principle that "[s]anctions for discovery abuse should not be dispensed as arbitrary monetary penalties unrelated to any harm." *Id*. (citing *Ford Motor Co. v. Tyson*, 943 S.W.2d 527, 534–35 (Tex. App.—Dallas 1997, orig. proceeding)); *see also Braden v. S. Main Bank*, 837 S.W.2d 733, 741 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("[W]hen a trial court assesses a monetary sanction, there must be some evidence in the record linking the amount awarded to harm actually suffered by the party seeking sanctions."); *Daniel v. Daniel*, No. 14-94-00567-CV, 1995 WL 505975, at *4 (Tex. App.—Houston [14th Dist.] Aug. 24, 1995, no pet.) (not designated for publication) (reversing $1,500 fine levied as a sanction because there was no evidence "linking the amount awarded to harm actually suffered by the party seeking damages").

Our decision in *Hanley v. Hanley*, 813 S.W.2d 511 (Tex. App.—Dallas 1991, no writ), is both consistent with the principles outlined in *Paradigm Oil* and factually similar to the instant case. A trial judge struck some parties' pleadings and additionally required two of those parties to pay $25,000 each to their opponent as a sanction. *Id*. at 513, 521. We reversed the monetary sanction because there was no evidence in the record connecting the $50,000 award to any harm suffered by the appellee as a result of the discovery abuse or any expenses incurred by the appellee in obtaining the sanction order. *Id*. at 521. That is, the record did not show that the

–4–

$50,000 figure was anything but "an arbitrary amount" requested by an attorney at the hearing and granted by the trial court. *Id*. Moreover, we noted that the appellee had not prayed for any specific amount of sanctions in her sanctions motion. *Id*. All of these facts are present in the instant case. Appellees did not pray for any specific amount of sanctions in their motion for sanctions, or even propose a method or basis for calculating a monetary sanction. Appellees did not introduce any evidence showing any harm or expense caused by the allegedly sanctionable conduct. Appellees were not represented by counsel when they filed their motion for sanctions, so they did not incur any attorneys' fees in prosecuting the motion.[2] Thus, we conclude that the $2,000 sanction in this case was arbitrary and unsupported by any evidence of actual harm or expense to appellees. The trial judge abused his discretion by ordering this sanction.

### III. DISPOSITION

We reverse the trial court's Second Amended *Nunc Pro Tunc* Order on Defendants' Motion for Sanctions and render judgment denying appellees' motion for sanctions.

120020F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[2] The trial judge recognized on the record that only appellee Birch could properly proceed with the motion on a pro se basis and accordingly ordered the $2,000 sanction to be paid to appellee Birch alone.

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Robert C. Wiegand, Appellant

No. 05-12-00020-CV        V.

Sky King Foundation Incorporated, Flying
Crown Foundation, and Stephen Birch,
Appellees

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-04103.
Opinion delivered by Justice FitzGerald.
Justice Lewis participating.

In accordance with the Court's opinion of this date, we **REVERSE** the Second Amended
*Nunc Pro Tunc* Order on Defendants' Motion for Sanctions and **RENDER** judgment denying the
motion for sanctions by appellees Sky King Foundation Incorporated, Flying Crown Foundation,
and Stephen Birch.

It is **ORDERED** that appellant Robert C. Wiegand recover his costs of this appeal from
appellee Stephen Birch.

Judgment entered August 9, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE