**Affirmed in part; Reverse and Render in part; and Opinion Filed August 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00404-CV

**ROBERT T. O'DONNELL, Appellant**
**V.**
**JULIA L. VARGO, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-86-15027**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Whitehill, and Schenck
Opinion by Justice Whitehill

Appellee Julia L. Vargo sued appellant Robert T. O'Donnell for divorce in Collin County. O'Donnell responded that their marriage was void based on the premise that Vargo was not legally divorced from her first husband. More specifically, O'Donnell argued that Vargo's prior 1987 divorce decree was void because the trial court signed that decree a few days after dismissing the case for want of prosecution and without first reinstating the case.

After two Collin County courts did not give him the relief he sought, O'Donnell filed a motion in Vargo's 1986 Dallas County divorce case seeking a declaration that her 1987 divorce decree was void. The trial court granted summary judgment for Vargo and assessed a sanction of $7,617.27 against O'Donnell. O'Donnell appeals only the sanction.

In three issues, O'Donnell argues that (1) the sanction order is void because it does not itself recite the sanctionable misconduct; (2) the court should have imposed the sanctions against the attorney who signed his petition instead of against O'Donnell; and (3) the evidence is insufficient to support an award of sanctions. We reverse, concluding that the trial court abused its discretion because there is no evidence supporting essential elements of Rule 13 and Chapter 10 sanctions.

## I. BACKGROUND

In 1986, Vargo filed this suit in Dallas County seeking a divorce from Richard Charles Turi. On March 2, 1987, the trial court dismissed the suit for want of prosecution. There is no reinstatement order in the record. Notwithstanding that dismissal and the apparent lack of formal reinstatement, the trial court on March 9, 1987 signed an agreed divorce decree ending the Vargo–Turi marriage.

Vargo and O'Donnell married in 1992. In February 2013, Vargo sued O'Donnell for divorce in Collin County. O'Donnell responded, in part, by filing a petition in the divorce case to have his marriage to Vargo declared void on the theory that the 1987 Vargo–Turi divorce decree was void because the decree was not preceded by an order reinstating the case. The Collin County judge dismissed O'Donnell's petition without prejudice and without stating the reasons.

The case was then transferred to a different court in Collin County, and O'Donnell filed an amended petition to have his marriage to Vargo declared void. In August 2013, the new presiding judge, in a non-final order, denied O'Donnell's amended petition, stating in his order that the Texas Declaratory Judgments Act did not authorize him to declare a different court's judgment void and that O'Donnell's petition was an impermissible collateral attack on the Vargo–Turi divorce decree.

O'Donnell filed in this case, the 1986 Dallas County Vargo–Turi divorce case, a "motion to set aside and vacate void judgment" arguing that the trial court lacked jurisdiction to render the Vargo–Turi divorce decree because the case was dismissed for want of prosecution and was not reinstated before the divorce decree was signed. O'Donnell further asserted his standing to attack the judgment because he was Vargo's putative husband and Vargo had filed for divorce against him in Collin County.

In response to O'Donnell's motion, Vargo filed a combined plea to the jurisdiction, response, and sanctions motion invoking Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code Chapter 10.

Vargo and O'Donnell filed cross-motions for summary judgment. The trial court heard those motions and Vargo's sanction motion together. After hearing the summary judgment motions, the court granted Vargo's motion, denied O'Donnell's motion, and took up Vargo's sanctions motion.

After taking evidence and hearing arguments on the sanctions motion, the trial court granted Vargo's sanctions motion and awarded her $7,617.27. The court signed written orders consistent with its oral rulings.

O'Donnell requested findings of fact and conclusions of law. The judge complied with that request. O'Donnell then perfected this appeal.

## II. ANALYSIS

### A. Standard of Review

We review a sanction order for abuse of discretion. *Keith v. Solls*, 256 S.W.3d 912, 917 (Tex. App.—Dallas 2008, no pet.) (sanctions under Rule 13); *Law Offices of Windle Turley, P.C. v. French*, 164 S.W.3d 487, 490 (Tex. App.—Dallas 2005, no pet.) (sanctions under civil practice and remedies code Chapters 9 and 10). A trial court abuses its discretion in imposing

–3–

sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. 164 S.W.3d at 490. The legal sufficiency of the evidence is a relevant factor when assessing whether the trial court abused its discretion. *Armstrong v. Collin Cnty. Bail Bond Bd.*, 233 S.W.3d 57, 62 (Tex. App.—Dallas 2007, no pet.); *see also Rodriguez v. MumboJumbo, L.L.C.*, 347 S.W.3d 924, 928 (Tex. App.—Dallas 2011, no pet.) (reversing sanction because there was no evidence that appellant had committed conduct trial court sanctioned him for).

Where, as here, a sanctions order names a specific rule or tracks a rule's language, the appellate court is confined to determining whether sanctions are proper under that rule alone. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583–84 (Tex. 2006) (per curiam); *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (orig. proceeding) ("Since plaintiffs do not contend, and the district court did not find, that GCSC's assertions were harassing, a finding of bad faith was a prerequisite to sanctions.").

Because O'Donnell's third issue is case dispositive, we address it first.

**B.     O'Donnell's Third Issue:  Did the trial court abuse its discretion by ordering sanctions based on insufficient evidence?**

O'Donnell's issue argues that there is insufficient evidence that he committed any sanctionable conduct and, alternatively, the evidence does not support the sanction's amount. For the reasons discussed below, we conclude that the evidence does not support essential elements under both Rule 13 and Chapter 10.

**1.     The trial court's findings**

The trial court made these relevant findings:

1.     O'Donnell's conduct in continuing to ask the Court to set aside as void the Agreed Final Decree of Divorce entered in 1987 in this case is without factual basis.

–4–

. . .

4.    The filings by O'Donnell in this case were groundless.

5.    The filings by O'Donnell in this case were without a good faith investigation into the applicable law.

. . . .

8.    O'Donnell brought a bill of review proceeding more than 20 years after limitations had expired to bring such action in this case.

9.    O'Donnell should have known that limitations had long since expired to bring an action for bill of review in this case.

10.    The filings of O'Donnell in this case were not made with a good faith intention for the extension of existing law.

11.    The allegations made by O'Donnell in this case are groundless and have been brought *in bad faith* (emphasis added).

## 2.    Rule 13

Rule 13 provides that a person who signs a pleading certifies that (1) he has read the pleading, and (2) to the best of his knowledge, information, and belief formed after reasonable inquiry, the pleading is not (i) groundless and brought in bad faith or (ii) groundless and brought for the purpose of harassment. TEX. R. CIV. P. 13. Under Rule 13, the court may sanction the person who signed the pleading, a represented party, or both. *Id.*

The focus here is on element "(2)(i)" listed above because that is the Rule 13 prong upon which the trial court relied.

The rule defines "groundless" as having no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Id.* It is not enough, however, to support Rule 13 sanctions that the pleading was groundless; the movant must also prove that the party (or counsel) also acted in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13; *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 191 (Tex. App.—Texarkana 2011, no pet.) ("A groundless pleading is not sanctionable unless it is also

–5–

brought in bad faith or for the purpose of harassment."). For purposes of this appeal, we assume without deciding that O'Donnell's motion was groundless and focus on whether the record supports the finding that O'Donnell filed the motion in bad faith.

"Bad faith [under Rule 13] is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose[s]." *Keith*, 256 S.W.3d at 916. The non-movant's intent is an element of bad faith and may be shown by direct or circumstantial evidence. *See id.* at 919.

The rule rebuttably presumes that pleadings are filed in good faith. TEX. R. CIV. P. 13. And the movant must overcome that presumption. *Cherry Petersen Landry Albert LLP v. Cruz*, 443 S.W.3d 441, 453 (Tex. App.—Dallas 2014, pet. filed).

### 3. Did the trial court abuse its discretion under Rule 13 by finding that O'Donnell brought the motion in bad faith?

We conclude that Vargo did not rebut the presumption that O'Donnell's pleading was filed in good faith.

At the sanctions hearing, the trial court admitted three exhibits: (1) O'Donnell's amended petition for declaratory judgment filed in Collin County, (2) Vargo's plea to the jurisdiction and response to that amended petition, and (3) Vargo's attorneys' fee statements. The trial court also took judicial notice of the Collin County orders and pleadings that were attached to the summary judgment motions. And Vargo's attorney testified briefly about the fees Vargo had incurred in the case and about the course of proceedings in Collin County before O'Donnell filed the motion to set aside in Dallas County. While O'Donnell was available to testify, he was not called at the hearing.

Although the two Collin County judges did not grant O'Donnell the relief he sought, one judge stated no reasons for her decision and the other stated that he believed that he was not authorized to declare void a final judgment issued by another trial court. Neither ruling held that

–6–

O'Donnell could not obtain the relief he sought from the Dallas County district court that issued the judgment. Those rulings do not rebut the presumption that O'Donnell filed the Dallas County motion to set aside in good faith. *Cf. Dike*, 343 S.W.3d at 191–92 (fact that attorneys had previously filed and withdrawn eleven similar lawsuits, standing alone, was no evidence of bad faith).

Vargo argues that the affidavit of Chandler Lindsley, which she attached to her sanctions motion, supplied some evidence of O'Donnell's bad faith. But we cannot consider this affidavit because (1) it was not admitted into evidence at the sanctions hearing, and (2) we cannot take judicial notice of its contents. *See B.L.M. v. J.H.M., III*, No. 03-14-00050-CV, 2014 WL 3562559, at *11 (Tex. App.—Austin July 17, 2014, pet. denied) (mem. op.) ("A court may take judicial notice of the existence of pleadings and other documents that have been filed in a case, but the court cannot take judicial notice of the truth of allegations in those documents unless they have been admitted into evidence.").

First, Rule 13 requires an evidentiary hearing so that the trial court can make the necessary factual determinations about motives and credibility. *See, e.g.*, *Keith*, 256 S.W.3d at 917; *N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ). "In order for the trial court to consider documents as evidence in a rule 13 context, they must be admitted in compliance with the rules of evidence at the evidentiary hearing." *Alejandro v. Bell*, 84 S.W.3d 383, 393 (Tex. App.—Corpus Christi 2002, no pet.); *see also Bedding Component Mfrs., Ltd. v. Royal Sleep Prods., Inc.*, 108 S.W.3d 563, 564 (Tex. App.—Dallas 2003, no pet.) ("Without a hearing on a motion for sanctions, the trial court has no evidence before it to determine that a pleading is sanctionable."). Because the Lindsley affidavit was not admitted into evidence at the sanctions hearing, it was not before the trial court and cannot supply the required evidence of O'Donnell's alleged bad faith. *See*

*Alejandro*, 84 S.W.3d at 393 (letter attached to sanctions motion but not admitted into evidence at sanctions hearing could not be considered as evidence).

Second, Vargo argues that the trial court might have taken judicial notice of its own records. But the trial court made no such finding and, in all events, could not take judicial notice of the truth of Lindsley's assertions in her affidavit. *See Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[T]he trial court may not take judicial notice of the *truth* of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file."); *see also B.L.M.*, 2014 WL 3562559, at *11.

Because the Lindsley affidavit was not admitted into evidence, we cannot consider it. *See Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) ("As a general rule, documents not admitted into evidence are not considered by an appellate court").

We conclude that the trial court abused its discretion to the extent it relied on Rule 13 as a basis for the sanctions order. *See Rodriguez*, 347 S.W.3d at 928.

### 4.    Chapter 10

As relevant here, civil practice and remedies code § 10.001 provides as follows:

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

   (1)   the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2)   each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

   (3)   each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1)–(3) (West 2002).

A trial court, however, may not assess a monetary sanction against a represented party for frivolous legal contentions in violation of § 10.001(2). *Id*. § 10.004(d). Because O'Donnell was represented by counsel in this case, only § 10.001(1) and § 10.001(3) are potential bases for the sanction.

As under Rule 13, a Chapter 10 movant bears the burden of overcoming the presumption that pleadings and other papers are filed in good faith. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). The movant must carry that burden with competent proof. *Id*. "Incompetent evidence, surmise, or speculation will not suffice for the proof required." *Id*.

### 3. Did the trial court abuse its discretion under Chapter 10 by finding that O'Donnell brought the motion without a factual basis and in bad faith?

The trial court's findings do not precisely track the provisions of § 10.001. But in finding 1, the court found that O'Donnell's conduct in continuing to seek to set aside Vargo's 1987 divorce decree was "without factual basis." We construe this finding to indicate a sanction under § 10.001(3), which requires factual contentions to have evidentiary support or to be likely to have evidentiary support after a reasonable opportunity for investigation or discovery. And in finding 11, the court found that O'Donnell's allegations were groundless and brought in bad faith. We construe this finding to indicate a sanction under § 10.001(1), which requires pleadings and motions not to be presented for any improper purpose.

But we have already concluded that Vargo did not rebut the presumption that that O'Donnell brought the motion to set aside in good faith. The only "improper purpose" found by the trial court was that O'Donnell brought the motion to set aside in bad faith. Accordingly, the sanction cannot be supported by the improper purpose prong of § 10.001(1).

O'Donnell alleged only a few facts in support of the motion to set aside. Essentially, O'Donnell alleged that (1) the Vargo–Turi divorce case was dismissed for want of prosecution,

(2) no motion to reinstate was ever filed, (3) no reinstatement order was ever signed, and (4) the divorce decree was signed several days after the dismissal order was signed. Vargo did not show that these allegations had no evidentiary support. Thus, the sanction cannot be supported by a violation of § 10.001(3).

We conclude that the trial court abused its discretion to the extent it relied on Chapter 10 as a basis for the sanction order. *See Rodriguez*, 347 S.W.3d at 928.

## C.      Conclusion

Based on O'Donnell's arguments in his third issue, we conclude that the trial court's sanction order was an abuse of discretion. Accordingly, we need not address O'Donnell's other issues. *See* TEX. R. APP. P. 47.1.

## III.   DISPOSITION

For the foregoing reasons, we reverse the trial court's order granting Vargo's motion for sanctions and render judgment denying that motion. In all other respects, we affirm the trial court's judgment.

140404F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT T. O'DONNELL, Appellant

No. 05-14-00404-CV      V.

JULIA L. VARGO, Appellee

On Appeal from the 302nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. DF-86-15027.

Opinion delivered by Justice Whitehill. Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order granting appellee Julia L. Vargo's motion for sanctions and **RENDER** judgment denying that motion for sanctions. In all other respects, we **AFFIRM** the trial court's judgment.

It is **ORDERED** that appellant Robert T. O'Donnell recover his costs of this appeal from appellee Julia L. Vargo.

Judgment entered August 10, 2015.